FORD MOTOR COMPANY, APPELLANT, *v.*
HAMILTON ET AL., APPELLEES.

(No. 45160—Decided March 3, 1983.)

*Messrs. Squire, Sanders & Dempsey*
and *Mr. William Michael Hanna,* for appellant.

*Mr. Martin J. Sammon,* for appellee
Hamilton.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, for appellee Industrial
Commission et al.

PRYATEL, J. Plaintiff, Ford Motor
Company, filed a timely notice of appeal
in the Cuyahoga County Court of Common Pleas from an adverse ruling of the
Cleveland Regional Board of Review for
Workers' Compensation pursuant to R.C.
4123.519.

No further action was taken by plaintiff or the claimant-defendant, Jerry
Hamilton. On March 2, 1982, the court
dismissed plaintiff's appeal apparently for
want of prosecution pursuant to Civ. R.
41(B)(1).[1] Plaintiff now appeals that
dismissal citing two assignments of error.
For reasons of clarity, we will treat the
second assigned error first.

Assignment of Error No. II

"II. The trial court erred in dismissing plaintiff-appellant's notice of appeal
for want of prosecution because plaintiff-
appellant did all it was required to do
under the workers' compensation
statute."

Under R.C. 4123.519 governing appeals of workers' compensation cases to
the court of common pleas, appellant's
only required act was the filing of the
notice of appeal. After this act, vesting
jurisdiction in the court, it becomes the affirmative duty of the claimant, irrespective of his success or failure at the administrative level, to then proceed. R.C.
4123.519. See, also, *Zuljevic* v. *Midland-
Ross Corp.* (1980), 62 Ohio St. 2d 116 [16
O.O.3d 140]. Within thirty days of the filing of the notice of appeal, claimant is required to file a petition containing a statement of facts showing a cause of action to
participate or to continue participating in
the fund. R.C. 4123.519.

The claimant-appellee failed to take
this step in the case at bar. Thus, the
plaintiff (appellant) did all that was required of it while the claimant (appellee)
failed to proceed according to statute.
Nevertheless, the court dismissed the
case for plaintiff's want of prosecution
under Civ. R. 41(B)(1). In short, the claimant who "failed to prosecute his action"
was rewarded at the expense of the plaintiff that fulfilled its legal responsibility.
Since there was no additional duty for
plaintiff to perform after perfecting the
appeal, we conclude that its appeal was
erroneously dismissed.

---

[1] Civ. R. 41(B)(1) reads in pertinent part:
"Where the plaintiff fails to prosecute
* * * the court * * * on its own motion may, after notice to the plaintiff's counsel, dismiss
an action or claim."

Accordingly, appellant's second assignment of error is sustained.

Assignment of Error No. I

"I. The trial court erred in dismissing plaintiff-appellant's notice of appeal for want of prosecution without giving prior notice of such action."

The record shows that notice was sent to the proper parties when the appeal was perfected, but it is silent as to the notice of dismissal. Nowhere in the file is there any evidence that plaintiff was sent prior notice of the common pleas court's dismissal of its appeal as required by Civ. R. 41(B)(1). In light of this state of the record, the remaining assignment of error is sustained.

Judgment is reversed, the appeal is reinstated and the case is remanded.

*Judgment reversed and case remanded.*

JACKSON, P.J., and NAHRA, J., concur.