RHYNEHARDT, Appellee,

v.

SEARS LOGISTICS SERVICES, Appellant; Industrial
Commission of Ohio, Appellee.

[Cite as *Rhynehardt v. Sears Logistics Services* (1995), 103 Ohio App.3d 327.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 94APE08–1265.

Decided May 9, 1995.

328

*Philip J. Fulton & Associates* and *Corrine S. Carman,* for appellee Annetta Rhynehardt.

*Gibson & Robbins–Penniman* and *J. Miles Gibson,* for appellant.

*Betty D. Montgomery,* Attorney General; and *Dennis L. Hufstader,* Assistant Attorney General, for appellee Industrial Commission of Ohio.

STRAUSBAUGH, Judge.

Appellant, Sears Logistics Services, appeals a judgment from the Franklin County Court of Common Pleas finding that appellee, Annetta Rhynehardt, had the right to dismiss her complaint pursuant to Civ.R. 41(A), and consequently denying appellant's motion for default judgment. On appeal, appellant asserts the following assignment of error:

"The trial court erred by allowing appellee to dismiss her employer's appeal by use of Ohio Civil Rule 41(A)."

R.C. 4123.519 (current version at R.C. 4123.512) gives the claimant or the employer the right to appeal a decision of the Industrial Commission or its staff hearing officers to the court of common pleas. Once the notice of appeal is filed by the appellant with a court of common pleas, the appeal is perfected. R.C. 4123.519(A). Regardless of whether the claimant or the employer appeals the Industrial Commission decision, the next step is the responsibility of the claimant in that the claimant must file a petition showing a cause of action to participate or continue to participate in the fund and setting forth the basis for the jurisdiction of the court over the action. R.C. 4123.519(C). Further pleadings are to be had in accordance with the Rules of Civil Procedure. R.C. 4123.519(C). Thus, a trial *de novo* is held on the issue of the claimant's entitlement to participate or continue to participate in the fund.

Pursuant to R.C. 4123.519, appellant appealed a decision of the Industrial Commission granting appellee the right to participate in workers' compensation benefits for the condition "aggravation of dysthymic disorder." Appellant filed its notice of appeal in July 1993; a trial date of July 18, 1994 was set. Appellee filed her petition in the common pleas court on August 16, 1993. Eleven months later, and three days before the date set for trial, appellee left a notice of dismissal, pursuant to Civ.R. 41(A), with the court's bailiff.

Appellant filed a default judgment motion with the common pleas court. Appellant asserted that appellee was not entitled to participate in workers'

compensation benefits for the condition "aggravation of dysthymic disorder" on the basis that the case had been set for trial July 18, 1994, and the claimant-appellee had been unable to present evidence supporting the elements of her case. Citing case law holding that the Civil Rules should not be applied when clearly inapplicable, appellant also argued that appellee should not be allowed to dismiss her complaint pursuant to Civ.R. 41 as it would defeat the basic statutory purpose of R.C. 4123.519, which provides the right of appeal to the common pleas court from an Industrial Commission decision. Appellant asserted that if claimant were allowed to dismiss her complaint pursuant to Civ.R. 41, she would effectively defeat appellant's statutory right to an appeal.

The common pleas court relied on *Ross v. Wolf Envelope Co.* (Aug. 2, 1990), Cuyahoga App. No. 57015, unreported, 1990 WL 109082, and found that the claimant was entitled to dismiss her complaint pursuant to Civ.R. 41(A). Because it found the dismissal to be valid, the court denied appellant's motion for default judgment.

On August 12, 1994, appellee filed her notice of dismissal in the common pleas court. The dismissal stated that it was filed pursuant to Civ.R. 41(A) without prejudice and pursuant to the common pleas court order filed August 8, 1994. (While the notice of dismissal cites the common pleas court order, this court understands the dismissal to be a Civ.R. 41[A][1][a] dismissal—not a Civ.R. 41[A][2] dismissal. The question which the common pleas court had addressed was whether the claimant could dismiss her complaint filed in the common pleas court pursuant to an appeal brought under R.C. 4123.519 by an employer.)

The present appeal presents two basic issues. The first issue, which appellee has raised, is whether there is a final appealable order. The second issue is whether a Civ.R. 41(A)(1)(a) dismissal by the claimant is permissible in an appeal from an industrial claim brought by an employer to the common pleas court pursuant to R.C. 4123.519.

R.C. 2505.02 defines final order to include: "An order that affects a substantial right in an action which in effect determines the action and prevents a judgment, an order that affects a substantial right made in a special proceeding * * *." A special proceeding is an action created by statute and not recognized in common law or in equity. *Polikoff v. Adam* (1993), 67 Ohio St.3d 100, 616 N.E.2d 213. "A 'substantial right' is a legal right enforced and protected by law." *State ex rel. Hughes v. Celeste* (1993), 67 Ohio St.3d 429, 430, 619 N.E.2d 412, 414. "An order which affects a substantial right has been perceived to be one, which, if not immediately appealable, would foreclose appropriate relief in the future." *Bell v. Mt. Sinai Med. Ctr.* (1993), 67 Ohio St.3d 60, 63, 616 N.E.2d 181, 184, modified on other grounds by *Moskovitz v. Mt. Sinai Med. Ctr.* (1994), 69 Ohio St.3d 638, 635 N.E.2d 331. To successfully assert that an order affects a substantial right, a party must "demonstrate that in the absence of immediate review of the order they will be denied effective relief in the future." *Bell* at 63, 616 N.E.2d at 184.

■ Appeals from the Industrial Commission to the common pleas court did not exist at common law or in equity. Common pleas courts only have such jurisdiction over workers' compensation cases as is conferred on them by the Workers' Compensation Act. *Jenkins v. Keller* (1966), 6 Ohio St.2d 122, 35 O.O.2d 147, 216 N.E.2d 379, paragraph four of the syllabus; *Breidenbach v. Mayfield* (1988), 37 Ohio St.3d 138, 524 N.E.2d 502. Thus, the present appeal stems from an order made in a special proceeding.

■ The employer's right of appeal is compromised by the Civ.R. 41(A)(1) dismissal which, in conjunction with the savings statute, permits the claimant to wait up to a year before refiling the complaint and continuing the appeal. If immediate review of the common pleas court order is not taken, appellant will be unable to get effective relief at a later time. Accordingly, this court finds that the order affects a substantial right and that a final appealable order exists.

Civ.R. 1(C) states that the Civil Rules, "to the extent that they would by their nature be clearly inapplicable, shall not apply to procedure * * * (7) in all other special statutory proceedings." The Ohio Supreme Court has identified the philosophy of Ohio courts to be that " '[t]he civil rules should be held to be clearly inapplicable only when their use will alter the basic statutory purpose for which the specific procedure was originally provided in the special statutory action.' [Citations omitted.]" *Price v. Westinghouse Elec. Corp.* (1982), 70 Ohio St.2d 131, 133, 24 O.O.3d 237, 238–239, 435 N.E.2d 1114, 1116.

■ Civ.R. 41(A)(1)(a) allows a plaintiff to voluntarily dismiss its action without order of the court "by filing a notice of dismissal at any time before the commencement of trial unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by the defendant." Unless otherwise stated in the notice of dismissal, a Civ.R. 41(A)(1) voluntary dismissal is without prejudice.

In *Ross,* the Cuyahoga County Court of Appeals addressed the issue of whether the trial court erred when it refused to recognize the claimant's notice of dismissal of his complaint pursuant to Civ.R. 41(A)(1)(a). In *Ross,* as in the present appeal, the employer appealed from an Industrial Commission decision pursuant to R.C. 4123.519. In *Ross,* the court of appeals noted that the Civil Rules apply to R.C. 4123.519 proceedings, citing *Price,* that Civ.R. 41(A)(1)(a) expressly provides that a "plaintiff" may unilaterally dismiss, and that when an employer files a notice of appeal pursuant to R.C. 4123.519, it is the claimant who is required to file a complaint and it is the claimant who is identified in the caption of that action as the plaintiff. The court further noted that the voluntary dismissal of appellant's (claimant's) complaint did not dismiss the employer's appeal from the Industrial Commission decision. The court also concluded that the savings statute applied and that the claimant was entitled to file another complaint in accordance with R.C. 4123.519. For the above reasons, the court

concluded that the trial court erred when it failed to recognize the claimant's notice of dismissal of his complaint and reversed the common pleas court decision.

*Ross* does not discuss the unique situation posed by an appeal of an Industrial Commission decision by an employer, *i.e.*, that at the same time the claimant is the plaintiff in the trial *de novo*, the claimant is also the appellee and is receiving workers' compensation benefits which are the subject of the appeal. Nor does this court find that it can be disputed that a Civ.R. 41(A)(1)(a) dismissal by the plaintiff-claimant can be used as a delaying tactic.

While it is not completely on point, we find the present scenario to be persuasively analogous to the situation in which a Civ.R. 41(A)(1)(a) dismissal is expressly inapplicable, namely, when there is a counterclaim that cannot be independently adjudicated. The employer's appeal cannot be heard independent of the adjudication of the claimant's complaint.

█ This court concludes that Civ.R. 41(A)(1)(a) should not be available to claimants when the employer has appealed an Industrial Commission case to the common pleas court because of the capacity for this to be used in an abusive manner to delay the litigation of the appeal on its merits. Other remedies remain available to a claimant who has a valid need to postpone the start of a trial on the complaint. Accordingly, this court finds that Civ.R. 41(A)(1)(a), if applied to an appeal by an employer to the commons pleas court pursuant to R.C. 4123.519 (now R.C. 4123.512), has too great a potential to alter the basic statutory purpose of such an appeal and is clearly inapplicable.

█ Appellant has interpreted the effect of a claimant's Civ.R. 41(A)(1)(a) dismissal of its complaint as taking away the common pleas court's jurisdiction of the employer's R.C. 4123.519 appeal. This interpretation is incorrect. Once the employer files its appeal, the common pleas court has jurisdiction, *Singer Sewing Machine Co. v. Puckett* (1964), 176 Ohio St. 32, 26 O.O.2d 303, 197 N.E.2d 353; *Ford Motor Co. v. Hamilton* (1983), 9 Ohio App.3d 17, 9 OBR 18, 457 N.E.2d 937, the court's jurisdiction is not dependent on the complaint. The claimant's dismissal of her complaint does just that and nothing more. The complaint is dismissed, but it does not dismiss the employer's appeal or divest the common pleas court of jurisdiction.

Appellant's assignment of error is sustained, and the decision of the Franklin County Court of Common Pleas denying appellant's default judgment motion based on *Ross* is reversed and remanded for proceedings consistent with this decision.

This court's determination that the claimant, Annetta Rhynehardt, may not dismiss her complaint pursuant to Civ.R. 41(A)(1)(a) is in direct conflict with the decision of the Cuyahoga County Court of Appeals in *Ross*, which determined that the claimant was entitled to dismiss his complaint pursuant to Civ.R. 41(A)(1)(a). Pursuant to Section 3(B)(4), Article IV, Ohio Constitution, the record

of this case is certified to the Supreme Court of Ohio for review and final determination upon the following question:

"In an appeal pursuant to R.C. 4123.519 [now R.C. 4123.512] from the Industrial Commission to a court of common pleas brought by an employer, is the claimant entitled to dismiss her complaint pursuant to Civ.R. 41(A)(1)(a)?" [1]

> *Judgment reversed*
> *and cause remanded;*
> *action certified to the*
> *Supreme Court of Ohio.*

JOHN C. YOUNG and CLOSE, JJ., concur.

DEAN STRAUSBAUGH, J., retired, of the Tenth Appellate District, sitting by assignment.

---

1. Reporter's Note: The order certifying a conflict was never filed in the Supreme Court of Ohio. However, the Supreme Court allowed a discretionary appeal in *Keller v. LTV Steel Co.*, (1995), 73 Ohio St.3d 1414, 651 N.E.2d 1311, which appears to address this very issue.