[This opinion has been published in *Ohio Official Reports* at 76 Ohio St.3d 55.]

**KELLER, APPELLEE, *v*. LTV STEEL COMPANY, APPELLANT.**

**[Cite as *Keller v. LTV Steel Co*., 1996-Ohio-51.]**

*Workers' compensation—R.C. 4123.512—Dismissal pursuant to Civ.R. 41(A)—*

*Appellate procedure—Judgment affirmed when order not appealable.*

(No. 95-388—Submitted April 16, 1996—Decided July 10, 1996.)

APPEAL from the Court of Appeals for Stark County, No. 94 CA 0275.

————————————

*Brian & Brian* and *Steven J. Brian,* for appellee.

*Baughman & Associates Co., L.P.A., R. Patrick Baughman* and *Steven L. Sterner,* for Appellant.

*Vorys, Sater, Seymour & Pease, Robert A. Minor* and *Robin R. Obetz,* urging reversal for *amicus curiae*, Ohio Self-Insurers Association.

————————————

**COOK, J.**

{¶ 1} The judgment of the court of appeals finding no appealable order is hereby affirmed, see *N. Canton v. Hutchinson* (1996), 75 Ohio St.3d 112, 661 N.E.2d 1000, and the case is remanded to the trial court for further proceedings, including consideration of any pending motions.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

STRATTON, J., dissents.

————————————

**STRATTON, J., dissenting.**

{¶ 2} I respectfully dissent from the majority's decision to remand this case on the basis that there is no final appealable order. The court bases its decision on the fact that a Civ. R. 41(A) dismissal terminates the case and leaves no final

appealable order for this court even to consider. The majority remands this matter to the trial court to consider the motions filed on August 29, 1994 by LTV Steel Company, so that there can be a final appealable order.

{¶ 3} I dissent from the court's decision to remand because Rule 41(A) was improperly used and because the situation has a high likelihood of recurrence without resolution. Under that posture, I would accept jurisdiction and rule on the merits. The claimant presents himself as a "plaintiff" and asserts that he therefore has the right to dismiss under Civ. R. 41(A). However, Civ. R. 41(A) applies only to those who *commence* the action and the claimant was not the one who commenced this action. In this case, under R.C. 4123.512, Keller is simply the claimant who is required to file a *petition* in response to a notice of appeal filed by the employer. To permit a claimant to unilaterally dismiss the employer's appeal under Civ. R. 41(A) to delay or thwart the rights of an employer who is contesting the findings of the Industrial Commission defeats the purpose of the appeals process and is an abuse of Civ. R. 41(A).

{¶ 4} Regretfully, the Tenth District Court of Appeals in *Rhynehardt v. Sears Logistics Services* (1995), 103 App.3d 327, 659 N.E.2d 375, did not file its order certifying a conflict to this court, leaving us to consider only *Keller v. LTV Steel Co.*

{¶ 5} Remanding this case in order to cross procedural hurdles when the rule was improperly used in the first place only creates further delay in the appeal of a claimant's award. I respectfully dissent from the majority and would consider this matter on the merits.

_____

2