SCHADE, Appellee,

v.

**OHIO BUREAU OF WORKERS' COMPENSATION**
et al.; LTV Steel Company, Appellant.

[Cite as *Schade v. Ohio Bur. of Workers' Comp.* (1997), 117 Ohio App.3d 857.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 70950.

Decided March 13, 1997.

George Wukovich, for appellee Larry Schade.

R. Patrick Baughman, Terrence J. Jones and William J. Krueger, for appellant LTV Steel Company.

---

TIMOTHY E. McMONAGLE, Judge.

LTV Steel brings this appeal challenging the decision of the lower court that denied its motion to show cause and motion to vacate plaintiff's notice of dismissal. Finding no error in the proceedings of the court below, we affirm.

The matter before us arises from a workers' compensation appeal wherein the final order of the Industrial Commission allowed appellee/employee Larry Schade's workers' compensation claim. The appeal was filed by his employer, LTV Steel, pursuant to R.C. 4123.512 in the Court of Common Pleas of Cuyahoga County. On May 26, 1995, in conformance with the statutory requirements, the notice of the appeal was filed by LTV Steel. On June 23, 1995, appellee Schade filed his complaint. LTV Steel filed its answer to the complaint on July 19, 1995. Discovery was had, and the matter was set for trial to commence on February 7, 1996; however, on January 3, 1996, appellee Schade filed a notice of voluntary dismissal without prejudice pursuant to Civ.R. 41(A). In response, LTV Steel filed a motion to show cause and vacate the plaintiff's notice of dismissal. By journal entry, on January 22, the trial court entered its final order, indicating that the case, Larry Schade v. LTV Steel Co. et al., was dismissed without prejudice. Subsequent to this final order and by stipulation of the parties and order of the court, appellee Schade filed his brief in opposition to LTV Steel's motion to show cause and vacate plaintiff's notice of dismissal. On June 10, 1996, the trial court journalized its denial of LTV Steel's motion to show cause and vacate plaintiff's notice of dismissal. It is from this judgment that LTV Steel now appeals, presenting three assignments of error for our review:

## ASSIGNMENT OF ERROR NO. I

"By failing to hold claimant's notice of voluntary dismissal for naught, the trial court committed reversible error in denying appellant its day in court."

## ASSIGNMENT OF ERROR NO. II

"By failing to vacate claimant's notice of voluntary dismissal, the trial court committed reversible error in permitting a workers' compensation claimant, in an employer's appeal to court, to unilaterally dismiss the employer's appeal so as to delay or thwart the rights of an employer who is contesting the findings of the Industrial Commission, defeating the purpose of the appeals process and abusing Civ.R. 41(A)."

## ASSIGNMENT OF ERROR NO. III

"The trial court committed reversible error in denying the employer its constitutional rights to due process and equal protection in an R.C. 4123.512 appeal to court by allowing a workers' compensation claimant to unilaterally dismiss the action commenced by the employer."

The gravamen of the errors complained of here by appellant LTV Steel is that it is error for the common pleas court to allow a workers' compensation claimant, pursuant to Civ.R. 41(A), to voluntarily dismiss an employer's appeal brought pursuant to R.C. 4123.512, challenging the allowance of a claim.

Appellant's reasoning relies upon the dissent of Justice Lundberg Stratton in *Keller v. LTV Steel Co.* (1996), 76 Ohio St.3d 55, 666 N.E.2d 225; however, we find appellant's reliance on *Keller* to be misplaced and find *Keller* not dispositive of the issue before us.

Appellant further relies on the analysis in *Rhynehardt v. Sears Logistics Serv.* (1995) 103 Ohio App.3d 327, 659 N.E.2d 375, as being completely on point with the matter *sub judice.* We agree that *Rhynehardt* is on point. In *Rhynehardt,* the employer appealed an allowance of a claim by the Industrial Commission to the common pleas court, and, just prior to trial, the court permitted the claimant to dismiss the action. Upon appeal by the employer, the Franklin County Court of Appeals reversed the trial court. The court, noting the direct conflict of its decision with the decision of our court in *Ross v. Wolf Envelope Co.* (Aug. 2, 1990), Cuyahoga App. No. 57015, unreported, 1990 WL 109082, stated in its opinion that the following question is certified to the Supreme Court of Ohio for review and final determination:

"In an appeal pursuant to R.C. 4123.519 (now R.C. 4123.512) from the Industrial Commission to a court of common pleas brought by an employer, is the claimant entitled to dismiss [his or] her complaint pursuant to Civ.R. 41(A)(1)(a)?"

The appeal, however, was never brought before the Supreme Court.

In addition, we note that the Second Appellate District, in *Anderson v. Sonoco Products Co.* (1996), 112 Ohio App.3d 305, 678 N.E.2d 631, finding the analysis of

*Rhynehardt* to be more persuasive than that of *Ross,* held that Civ.R. 41(A)(1)(a) did not apply to claimant Anderson, as employer Sonoco "commenced" the action by filing the notice of appeal and Anderson's dismissal of the action was therefore a "nullity."

Although it is clear that a conflict among the districts exists on the exact issue before our court today, the Supreme Court of Ohio has not yet addressed this very narrow issue.

Our court has previously considered the arguments advanced by the appellant today, and we have rejected them. Appellant contends that we need not follow *Ross,* as it is distinguishable from the matter *sub judice.* In *Ross,* the appeal was brought by the employer. The employee/claimant filed a notice of dismissal. The trial court failed to accept the employee/claimant's notice of dismissal and forced the claimant to proceed to trial without his expert witness, which resulted in a directed verdict in favor of the employer. On appeal, our court reversed, reasoning that Civ.R. 41(A)(1)(a) expressly provides for a unilateral dismissal by a "plaintiff." Therefore, when an employer files a notice of appeal pursuant to R.C. 4123.519, the claimant is required to file a complaint showing his cause of action to participate or to continue to participate in the fund. The claimant is listed in the caption of that action as the "plaintiff." Accordingly, the claimant had a right to dismiss his complaint once, pursuant to Civ.R. 41(A)(1)(a). *Ross, supra,* at fn. We note that despite LTV Steel's contention that this decision is distinguishable from the matter at hand due to claimant Ross's desperate situation, nowhere in its opinion did the *Ross* court indicate that its reasoning was based upon the desperate situation or extenuating circumstances of the case.

Further, in 1994, this court again addressed the issue of whether a claimant could dismiss an employer's appeal pursuant to Civ.R. 41(A)(1)(a). In *Rogers v. Ford Motor Co.* (Aug. 18, 1994), Cuyahoga App. No. 66118, unreported, 1994 WL 449453, we found that it was error for the trial court to refuse to recognize the claimant's notice of dismissal made pursuant to Civ.R. 41(A)(1)(a). In that case, the employer filed its notice of appeal to the common pleas court. When settlement negotiations failed, the parties were faced with less than one month to prepare for trial. Ford was granted a motion *in limine* to exclude all expert witnesses to be called by the claimant because Rogers had failed to comply with Loc.R. 21.1 of the Cuyahoga County Court of Common Pleas. The claimant, Rogers, filed a notice of voluntary dismissal pursuant to Civ.R. 41(A)(1)(a). After the notice of dismissal, the trial court ordered claimant Rogers to show cause why judgment should not be entered in favor of Ford Motor Co. A hearing was held, and the trial court found that the claimant's Civ.R. 41(A)(1)(a) motion to dismiss was a nullity and granted judgment in favor of Ford Motor for Rogers's failure to prosecute. On appeal, our court reversed this decision of the trial court and

reaffirmed its decision in *Ross*, stating, "Our decision in *Ross*, *supra*, was correct. Thus, the trial court erred in refusing to recognize appellant's notice of dismissal pursuant to Civ.R. 41(A)(1)(a)." *Rogers*, *supra*, at 3.

Finally, in 1996, our court again addressed this exact issue in *Moore v. Trimble* (Aug. 15, 1996), Cuyahoga App. No. 67895, unreported, 1996 WL 465383. In *Moore*, the employer, Manfredi Transit, filed its notice of appeal from the Industrial Commission's allowance of employee Moore's claim for injuries. Moore properly filed the petition with the Cuyahoga County Common Pleas Court. During settlement negotiations, Moore filed a Civ.R. 41(A)(1)(a) motion to voluntarily dismiss the action. The trial court, however, set a trial date and denied Moore's motion to voluntarily dismiss his action against Manfredi. Moore appealed the trial court's action, and, on appeal, our court, following the reasoning of the *Rogers* court, determined that the trial court erred when it failed to recognize Moore's right to voluntarily dismiss his action.

Accordingly, it is the position of our court that in this district the Rules of Civil Procedure apply to these workers' compensation appeals. We recognize that pursuant to the Civil Rules, a plaintiff has the right to voluntarily dismiss his or her case once without prejudice, invoking the saving statute. A voluntary dismissal is accomplished by the filing of a dismissal notice with the court. Once such notice is filed, the court is divested of jurisdiction.

We, therefore, hold, once again, that the trial court may not vacate the claimant/plaintiff's notice of voluntary dismissal brought pursuant to Civ.R. 41(A)(1)(a), even where the appeal is brought to the lower court by the employer.

Accordingly, the appellant's assignments of error are not well taken, and the determination of the trial court that denied the appellant's motion to vacate appellee's notice of voluntary dismissal was proper.

*Judgment affirmed.*

JAMES D. SWEENEY, P.J., and PATTON, J., concur.