OPINION
Defendant-appellant Canton Drop Forge, Inc. appeals the September 23, 1997 Judgment Entry of the Stark County Court of Common Pleas which overruled its motion to vacate plaintiff-appellee Donald Rupp's notice of dismissal.
 STATEMENT OF THE CASE
Appellee filed a workers' compensation claim. Appellant was his employer at the time of the alleged injury precipitating appellee's claim.
Appellee's claim was processed through the Industrial Commission, culminating in his claim being allowed. Thereafter, on August 9, 1997, appellant filed a notice of appeal to the Court of Common Pleas pursuant to R.C. 4123.512 for the purpose of trying de novo whether appellee was entitled to participate in the Ohio Workers' Compensation Fund. As required by that same statute, appellee filed his petition in the Court of Common Pleas on September 9, 1996. Appellant then timely filed its answer to appellee's petition.
Following discovery and several pretrials, appellee filed a notice of dismissal (without prejudice) on July 11, 1997. In response thereto, appellant filed a motion to vacate appellee's notice of dismissal on July 17, 1997. Following a non-record hearing, the trial court filed a Judgment Entry on September 23, 1997, overruling appellant's motion to vacate and ordering that the matter be voluntarily dismissed pursuant to Civ. R. 40 (A)[sic]. It is from that judgment entry appellant prosecutes this appeal assigning as error:
 THE TRIAL COURT ERRED AS A MATTER OF LAW IN OVERRULING APPELLANT'S MOTION TO VACATE AND ALLOWING CLAIMANT TO DISMISS HIS PETITION PURSUANT TO RULE 41 (A), OHIO RULES OF CIVIL PROCEDURE.
We first note that in contrast to our recent decision inChambers v. LTV Steel Co. (Sept. 23, 1996), Stark County App. No. 95CA0302, unreported, we find the trial court's September 23, 1997 Judgment Entry constitutes a final appealable order.[1] It is an order made in a special statutory proceeding (R.C. 4123.512); it affects a substantial right of appellant; and, in its present procedural posture, it effectively determines the action and prevents a judgment in appellant's favor. The issue presented herein is whether in an employer's appeal to the Court of Common Pleas of an allowance by the Industrial Commission of a workers' compensation claim, the claimant-employee, who has filed his petition pursuant to R.C. 4123.512, can voluntarily dismiss his petition under Civ. R. 41 (A). We conclude the employee cannot do so.
We base our decision on the rational expressed in Rhynehardtv. Sears Logistics Serv. (1995), 103 Ohio App.3d 327. TheRhynehardt court held Civ. R. 41 (A) does not apply to the instant situation pursuant to the directive of Civ. R. 1 (C). To find otherwise would, in effect, negate an employer's right to appeal established under R.C. 4123.512.
Accordingly, we sustain appellant's assignment of error and reverse the trial court's Judgment Entry.
By: Hoffman, J., Gwin, P.J. and Reader, J. concur.
 JUDGMENT ENTRY
CASE NO. 97CA00355
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is reversed and this Court orders the case reinstated on the trial court's docket. Costs assessed to appellee.
[1] In Chambers, appellee (mistakenly identified as appellant in the opinion) had already refiled her complaint prior to this Court's decision. As this Court noted, appellant therein, LTV Steel, could still prevail in the Court of Common Pleas. Because appellee herein has not refiled her petition in the Court of Common Pleas, Chambers is procedurally distinguishable from the case sub judice.