DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Fulton County Court of Common Pleas which granted summary judgment to appellee, Cincinnati Insurance Company ("CIC"), in this dispute concerning uninsured/underinsured motorists ("UM/UIM") coverage pursuant toScott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999), 85 Ohio St.3d 660. For the reasons stated herein, this court affirms the judgment of the trial court.
 {¶ 2} The following facts are relevant to this appeal. Appellant, Jodie Carroll, was injured in a motor vehicle collision on December 28, 1993. Appellant settled her claim against the tortfeasor for the $100,000 coverage limit under his policy and settled a UIM claim against two other insurance companies, each for an additional $100,000.
 {¶ 3} On October 18, 2001, CIC filed a complaint for declaratory judgment, seeking a judgment that no UIM coverage was due appellant under policies issued by CIC to Sterling Milk Company ("Sterling"). At the time of the accident, appellant was employed by Sterling. Appellant made a UIM claim pursuant to Scott-Pontzer, supra, against CIC under the policies issued to Sterling. Appellant first gave CIC notice of her December 28, 1993 accident and her UIM claim after February 15, 2001. Sterling had two separate policies of insurance with CIC: one policy was a commercial auto policy issued for the policy period May 8, 1993 to May 8, 1994 and another policy was a commercial umbrella liability policy ("UL") issued for the policy period May 8, 1993 to May 8, 1996.
 {¶ 4} On January 29, 2002, appellant filed a motion for summary judgment on the issue of coverage. In her motion, appellant argued that because her accident and settlement with and release of the tortfeasor occurred before the issuance of Scott-Pontzer, supra, compliance with the policy conditions regarding notice before settlement and release was impossible.
 {¶ 5} On February 15, 2002, the parties filed a stipulation of facts. The parties stipulated to the following facts: appellant was acting outside the scope of her employment and was on a personal errand at the time of the accident; the vehicle driven by appellant at the time of the accident was owned by her mother; appellant settled with the tortfeasor for the $100,000 coverage limit under his policy, settled her UIM claim against two other insurance companies for an additional $200,000; appellant first gave CIC notice of her December 28, 1993 accident and her UIM claim after February 15, 2001; and CIC is entitled to set-off $300,000 from the amount of damages caused by the negligence of the tortfeasor.
 {¶ 6} On March 1, 2002, CIC filed a memorandum in opposition to appellant's motion for summary judgment and a motion for summary judgment. In its motion, CIC argued that appellant was not an insured under the policy; that CIC's right of subrogation was prejudiced; that there was prejudicial late notice; prejudicial violation of an insured's duty to cooperate; and breach of the policy condition requiring notice of a tentative settlement with the tortfeasor's insurer.
 {¶ 7} On March 21, 2002, appellant filed a reply brief in support of her motion for summary judgment and an opposition to CIC's motion. On March 26, 2002, CIC filed a reply memorandum.
 {¶ 8} On April 5, 2002, the trial court granted summary judgment to CIC and denied appellant's motion for summary judgment, finding that appellant had destroyed CIC's right of subrogation; that the late notice was prejudicial; and that the policy terms requiring notice of tentative settlement were breached when appellant settled her case which resulted in prejudice of a substantive right of CIC. Appellant filed a timely notice of appeal and sets forth the following four assignments of error:
 {¶ 9} "I. The trial court erred to the prejudice of defendant-appellant in granting plaintiff-appellee's motion for summary judgment as plaintiff-appellee's insurance policy is identical to that in the Scott-Pontzer decision and therefore there is uninsured motorist coverage available to plaintiff.
 {¶ 10} "II. The trial court erred to the prejudice of defendant-appellant as the umbrella policy issued by plaintiff-appellee attempts to limit the amount of uninsured motorist coverage in a manner contrary to the laws of this state as posited in Gyori v. JohnstonCoca-Cola Bottling Group, Inc. (1996), 76 Ohio St.3d 55 and Linko v.Indemnity Ins. Co. (2000), 90 Ohio St.3d 445.
 {¶ 11} "III. The trial court erred to the prejudice of defendant-appellant by upholding an `acting within the scope of their employment' exception to a policy said exception specifically not upheld in the Scott-Pontzer decision/the statutory law in affect [sic] when the policy was issued governs and no set off applies.
 {¶ 12} "IV. The trial court erred to the prejudice of defendant-appellant by citing to provisions of plaintiff-appellee's policy of insurance requiring timely notice and preservation of subrogation rights as said provisions in plaintiff-appellee's policy of insurance were impossible to comply with as a matter of law."
 {¶ 13} In reviewing the grant of summary judgment, this court must apply the same standard as the trial court. Lorain Natl. Bank v. SaratogaApts. (1989), 61 Ohio App.3d 127, 129. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).
 {¶ 14} This court will address appellant's fourth assignment of error first. In that assignment of error, appellant argues that the trial court erred in finding that the policy provisions requiring timely notice and preservations of subrogation rights applied in this case. This court finds no merit in this assignment of error.
 {¶ 15} Appellant's fourth assignment of error is found not well-taken on the authority of this court's decision in Chamberlin v.Williams, 6th Dist. No. S-02-006, 2002-Ohio-6350 at ¶ 32-34 (Appellant not entitled to UIM benefits from employer's insurer due to failure to comply with the notice and subrogation preconditions of insurance policy.) Due to our decision as to appellant's fourth assignment of error, it is not necessary for this court to consider appellant's first three assignments of error for even if she was correct in these arguments, she would not be entitled to coverage perChamberlin, supra. Accordingly, appellant's first three assignments of error are rendered moot and found not well-taken.
 {¶ 16} The judgment of the Fulton County Court of Common Pleas is affirmed. Court costs assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., and George M.Glasser, J., CONCUR.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.