[Cite as *Paul v. I-Force, L.L.C.*, 2017-Ohio-5496.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY**

| | | |
|---|---|---|
| CHASITY N. PAUL | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 2016-CA-25 |
| | : | |
| v. | : | Trial Court Case No. 2013-CV-122 |
| | : | |
| I-FORCE, LLC | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 23rd day of June, 2017.

. . . . . . . . . .

ERIC B. CAMERON, Atty. Reg. No. 0077365, 226 North Fifth Street, 5th Floor, Columbus, Ohio 43215
    Attorney for Plaintiff-Appellee

WILLIAM W. JOHNSTON, Atty. Reg. No. 0021772, 94 North Woods Boulevard, Suite B1, Columbus, Ohio 43235
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} In this case, Defendant-Appellant, I-Force, LLC, ("I-Force") appeals from a judgment denying its motion for judgment on the pleadings. In support of its appeal, I-

Force contends that the trial court erred in denying its motion because the complaint of Plaintiff-Appellee, Chasity Paul, has been dismissed twice, and the "double-dismissal" rule applies to preclude refiling.

{¶ 2} We agree that the trial court erred in failing to grant judgment on the pleadings, but not for the reasons asserted. While the double-dismissal rule does not apply, Paul was precluded from refiling her complaint because she had already refiled once, and any further refiling was precluded under R.C. 2305.19, the savings statute. Accordingly, the judgment will be reversed and this cause will be remanded for further proceedings.

I. Facts and Course of Proceedings

{¶ 3} On June 6, 2013, Paul filed a complaint in Champaign County Common Pleas Court, alleging that she had suffered a workplace injury in April 2007. Paul indicated that the complaint was a refiled complaint and that the previous case was Champaign County Common Pleas Court Case No. 08 CV 266.

{¶ 4} The refiled complaint alleged that Paul had been injured while working for I-Force, and had filed a claim with the Bureau of Workers' Compensation ("Bureau"), which was approved for "Left Wrist Tendonitis Nec; Bilateral Sprain of Wrist Nos; Bilateral Carpal Tunnel Syndrome." I-Force did not dispute the original claim. In February 2008, Paul filed a C-86 motion for additional allowance of a condition called "RSD or Regional Pain Syndrome of the Bilateral Upper Extremities" ("RSD"). A district hearing officer allowed the RSD claim in April 2008, and I-Force appealed from the order to a staff hearing officer. After the staff hearing officer upheld the prior decision, I-Force appealed

to the Industrial Commission, which refused further appeal in June 2008. I-Force then filed a notice of appeal with the common pleas court, and the appeal was designated Case No. 08 CV 266. Paul voluntarily dismissed her complaint in that action in early June 2012. In the 2013 refiled complaint, Paul asked that she be permitted to continue to participate in the Workers' Compensation Fund for her allowed injuries.

{¶ 5} In July 2013, the Bureau filed an answer, admitting that a claim had been allowed as alleged in the complaint. The Bureau asked that Paul be permitted to continue to participate for the allowed condition. In January 2014, Paul filed a motion for judgment on the pleadings, and asked the court to dismiss I-Force's appeal due to lack of prosecution. Paul indicated in the motion that I-Force had previously appealed and that Case No. 08 CV 266 had been assigned to its appeal. Paul further alleged that she had filed a complaint in that case in August 2008. According to Paul, the case had been dismissed without prejudice in June 2012. Paul also stated that she had refiled her complaint in June 2013, and that I-Force had not filed an answer, despite having been served in June 2013.

{¶ 6} The trial court set February 18, 2014 as a response time for the motion. However, on February 5, 2014, Paul withdrew her motion. Paul indicated that I-Force's counsel had contacted her counsel, and had informed him that I-Force was filing a motion to answer instanter. Paul stated that she had no objection and did not oppose I-Force's motion. As a result, the trial court granted I-Force's motion and allowed the answer to be filed.

{¶ 7} In its answer, I-Force admitted all the allegations in the complaint, but denied that Paul had a right to participate in Workers' Compensation benefits for RSD.

Subsequently, the Bureau filed a notice of substitution of counsel in April 2014. Nothing else occurred in the case until February 2, 2015, when the trial court filed a notice of impending dismissal. The court stated that the case had been on its docket for more than six months without any action, and gave counsel until March 2, 2015, to show cause why the matter should not be dismissed for lack of prosecution. No party filed a response, and the court dismissed the action for lack of prosecution on March 9, 2015.

{¶ 8} Subsequently, on May 1, 2015, the trial court filed a document entitled "Journal Entry of Dismissal Without Prejudice." In the entry, the court explained that counsel for "Defendant" had contacted the court's staff and had asked whether the dismissal entry filed on March 9, 2015, was with prejudice or without prejudice.[1] The court stated that the entry was being filed to clarify the dismissal status. The court then dismissed the action without prejudice. No appeal was taken from either judgment.

{¶ 9} More than a year later, in July 2016, I-Force filed a motion for judgment on the pleadings. I-Force contended that the case was an employer-initiated appeal from an order of the Industrial Commission dated April 15, 2008. I-Force asserted that Paul had dismissed her prior complaint in Case No. 08 CV 266 in June 2012, and that I-Force was entitled to judgment based on the second dismissal filed in the current case in March 2015.

{¶ 10} In August 2016, Paul filed a memorandum in opposition to I-Force's motion. In addition, Paul asked the court for leave to file a re-filed complaint outside of time due

---

[1] Based on comments below, it appears that Paul's counsel, not I-Force, is the one who called the court to ask about the dismissal entry. *See* Motion in Opposition to Defendant's Motion for Judgment on the Pleadings and Motion for Leave to File Refiled Complaint, Doc. #27, p. 8.

to good cause.   Paul attached a number of documents to the memorandum, and outlined a course of proceedings, including settlement conferences, between the parties from 2008 through 2014, during which the Bureau had indicated that it generally did not take an active role in employer appeals and would not be participating in litigation.   In addition, Paul alleged that I-Force had indicated that neither settlement nor ongoing treatment would negatively affect I-Force because its policy had reached maximum value and was out of I-Force's "experience as a state-funded claim."   Paul further alleged that she had not requested a case scheduling order because I-Force had not participated in settlement negotiations and had not shown any interest in moving the case forward.   In this vein, Paul also alleged that I-Force had subsequently filed to change its status to a self-insured employer with the Bureau.   None of the documents or assertions were authenticated or presented via affidavit.

{¶ 11} In responding to the motion, Paul also argued her belief that the case, including the employer's appeal, had been dismissed, due to the trial court's statement in the entry of March 2, 2015, that the case was being dismissed.   Again, no affidavits were attached to Paul's request to refile the complaint.

{¶ 12} I-Force replied to Paul's memorandum, contending that it had participated in settlement, and that it should receive judgment on the pleadings because the case had been dismissed once by plaintiff and twice by the trial court for lack of prosecution.

{¶ 13} On September 15, 2016, the trial court denied I-Force's motion for judgment on the pleadings.   In the decision, the court concluded that the "double-dismissal" rule did not apply.   Based on this holding, the court also concluded that Paul's motion for leave to refile her case was moot.   I-Force appealed from the trial court's judgment on

October 13, 2016.   Paul did not file a cross-appeal.

II.   Did the Court Err in Failing to Grant

the Motion for Judgment on the Pleadings?

**{¶ 14}** I-Force's sole assignment of error is as follows:

The Trial Court Erred by Not Granting Appellant's Motion for Judgment on the Pleadings.

**{¶ 15}** Under this assignment of error, I-Force contends that the trial court should have granted its motion for judgment on the pleadings because Paul was precluded by the double-dismissal rule from refiling her complaint.   "[T]he 'double-dismissal rule,' which is contained in the last sentence of Civ.R. 41(A)(1) * * * provides that a dismissal under Civ.R. 41(A) is generally without prejudice, but then states an exception to that rule – 'a notice of dismissal operates as an adjudication upon the merits of any claim that the plaintiff has once dismissed in any court.' "   *Olynyk v. Scoles*, 114 Ohio St.3d 56, 2007-Ohio-2878, 868 N.E.2d 254, ¶ 8.   In *Olynyk*, the Supreme Court of Ohio held that "[t]he double-dismissal rule of Civ.R. 41(A)(1) applies only when both dismissals were notice dismissals under Civ.R. 41(A)(1)(a)."   *Id.* at syllabus.

**{¶ 16}** As was noted, this action originated from a notice of appeal that I-Force filed.   Under R.C. 4123.512(A), a party appealing from a decision of the Industrial Commission must file a notice of appeal in the trial court.   The statute indicates that "[t]he filing of the notice of the appeal with the court is the only act required to perfect the appeal."   *Id.*   Where the employer files an appeal, R.C. 4123.512(D) requires the claimant, within thirty days, to "file a petition containing a statement of facts in ordinary

and concise language showing a cause of action to participate or to continue to participate in the fund * * *." The Supreme Court of Ohio has stressed that "[f]or purposes of the Civil Rules, the pleading that R.C. 4123.512 names a petition is a complaint." *Robinson v. B.O.C. Group, Gen. Motors Corp.*, 81 Ohio St.3d 361, 364, 691 N.E.2d 667 (1998).

{¶ 17} The "claimant has both the burden of going forward with evidence and the burden of proof at the hearing before the common pleas court." (Citations omitted.) *Zuljevic v. Midland-Ross Corp., Unitcast Div.*, 62 Ohio St.2d 116, 118, 403 N.E.2d 986 (1980). " 'Thus, where an employer appeals an unfavorable administrative decision to the court the claimant must, in effect, re-establish his workers' compensation claim to the satisfaction of the common pleas court [or jury] even though the claimant has previously satisfied a similar burden at the administrative level.' " *Robinson* at 366, quoting *Youghiogheny & Ohio Coal Co. v. Mayfield*, 11 Ohio St.3d 70, 72, 464 N.E.2d 133 (1984).

{¶ 18} In two cases, the Supreme Court of Ohio considered issues pertaining to the ability, in employer-filed appeals, of employees to voluntarily dismiss their petitions or complaints using Civ.R. 41(A). *See Robinson* [allowing voluntary dismissal under Civ.R. 41(A)(2)] and *Kaiser v. Ameritemps, Inc.*, 84 Ohio St.3d 411, 704 N.E.2d 1212 (1999), syllabus [allowing voluntary dismissal under Civ.R. 41(A)(1)(a)]. In *Kaiser*, the court stressed that "voluntary dismissal of the claimant's complaint does not affect the employer's notice of appeal, which remains pending until the refiling of claimant's complaint." *Id.* at 415.

{¶ 19} Subsequently, in *Fowee v. Wesley Hall, Inc.*, 108 Ohio St.3d 533, 2006-Ohio-1712, 844 N.E.2d 1193, the Supreme Court of Ohio held that "for the limited purposes of R.C. 2305.17 and 2305.19 [respectively, a statute pertaining to

commencement of an action and the savings statute], the employee-claimant commences the action." *Id.* at ¶ 18. As a result, the court concluded that employees are permitted to refile petitions they have dismissed.

{¶ 20} The court further held in *Fowee* that "[i]n an employer-initiated workers' compensation appeal pursuant to R.C. 4123.512, after the employee-claimant files the petition as required by R.C. 4123.512 and voluntarily dismisses it as allowed by Civ.R. 41(A), if the employee-claimant fails to refile within the year allowed by the saving statute, R.C. 2305.19, the employer is entitled to judgment on its appeal." *Id.* at syllabus.

{¶ 21} In March 2006, the General Assembly amended R.C. 4123.512(D) to provide that "a claimant in a workers' compensation action 'may not dismiss the complaint without the employer's consent if the employer is the party that filed the notice of appeal to court pursuant to this section.' " *Thorton v. Montville Plastics & Rubber, Inc.*, 121 Ohio St.3d 124, 2009-Ohio-360, 902 N.E.2d 482, ¶ 5. The amendment was designed to address employers' concerns over the court's prior decisions in *Robinson*, *Kaiser*, and *Fowee*, which had allowed employees to voluntarily dismiss their complaints and refile within the year permitted by R.C. 2305.19. *Id.* at ¶ 11-13. Specifically, employers were concerned that employees could " 'interminably prolong the proceedings' " by dismissing the employer's appeal. *Id.* at ¶ 13, quoting *Fowee* at ¶ 9.

{¶ 22} The court observed in *Thorton* that the amendment had "ended an employee-claimant's unilateral ability to voluntarily dismiss the complaint in an appeal brought by an employer" and that "[n]ow an employer must consent to the dismissal." *Id.* at ¶ 14. Thus, the 2006 amendment to R.C. 4123.512(D) affects a claimant's ability to file a Civ.R. 41(A) dismissal without the employer's consent, and therefore, supersedes

the holdings in *Robinson*, *Kaiser*, and *Fowee* to that extent. However, the amendment does not affect the holding in *Fowee* that an employer is entitled to judgment on the pleadings where a claimant voluntarily dismisses his complaint and fails to refile within one year, pursuant to R.C. 2305.19, nor does the amendment affect the remaining holdings in *Robinson*, *Kaiser*, and *Fowee*.

{¶ 23} As a result, courts have continued to hold that "the employer is entitled to judgment on its appeal if the claimant fails to re-file a complaint in accordance with R.C. § 2305.19." *Hughes v. Fed. Mogul Ignition Co.*, 5th Dist. Guernsey No. 06 CA 27, 2007-Ohio-2021, ¶ 22 (affirming decision granting judgment on the pleadings to employer); *Donini v. Manor Care, Inc.*, 4th Dist. Scioto No. 13CA3583, 2014-Ohio-1767, ¶ 18 (trial court correctly granted judgment on pleadings to employer); *Nykiel v. Northcoast Moving Ents.*, 8th Dist. Cuyahoga No. 97009, 2012-Ohio-272, ¶ 8-9 (reversing trial court's denial of employer's motion for judgment on the pleadings following claimant's failure to refile action within one year after voluntarily dismissing complaint); *Gambrel v. C.J. Mahan Constr. Co.*, 10th Dist. Franklin No. 07AP-1023, 2008-Ohio-3288, ¶ 14 (trial court erred in refusing to grant employer's motion for judgment on the pleadings); *Hall-Davis v. Honeywell*, Inc., 2d Dist. Champaign Nos. 2008-CA-1, 2008-CA-2, 2009-Ohio-531, ¶ 26-32 (employer was entitled to judgment on the pleadings concerning one claim of employee that was not timely refiled).

{¶ 24} In the case before us, Paul dismissed her complaint in Case No. 08 CV 266 without prejudice, and then did timely refile within one year, as permitted under R.C. 2305.19. In March 2015, the trial court dismissed the case for lack of prosecution, which would have been pursuant to Civ.R. 41(B)(1), which provides that "[w]here the plaintiff

fails to prosecute, * * * the court * * * on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim." In May 2015, the court indicated that the dismissal was without prejudice. Although trial courts typically lose jurisdiction over a case once they have dismissed a case for lack of prosecution, I-Force's notice of appeal was still pending. *See Ebbets Partners, Ltd. v. Day*, 171 Ohio App.3d 20, 2007-Ohio-1667, 869 N.E.2d 110, ¶ 11 (2d Dist.) (jurisdiction is lost once the court dismisses for lack of prosecution); *Kaiser*, 84 Ohio St.3d at 415, 704 N.E.2d 1212 (employer's notice of appeal remains pending when plaintiff's complaint or petition is dismissed).

{¶ 25} Although the trial court used the word "case" in its March 2015 dismissal entry, the notice of appeal is the part of the case providing jurisdiction, and it is not within the actions covered by Civ.R. 41(B). Specifically, Civ.R. 41(B)(1) refers to a lack of dismissal where the "plaintiff" fails to prosecute. Civ.R. 41(C) does state that "[t]he provisions of this rule apply to the dismissal of any counterclaim, cross-claim, or third-party claim." However, the Supreme Court of Ohio has clearly indicated that the employer's notice of appeal is not a counterclaim. *Robinson*, 81 Ohio St.3d at 369, 691 N.E.2d 667.

{¶ 26} In *Robinson*, the court stated that, in employer appeals, the employee, or claimant, has the status as a plaintiff "for purposes of Civ.R. 41." *Id.* at 368. The court also rejected the employer's argument that allowing employees "to dismiss under Civ.R. 41(A) effectively nullifies" an employer's right to appeal because the employer's appeal under R.C. 4123.512 " 'cannot be resolved when a claimant voluntarily dismisses his petition.' " (Citations omitted.) *Id.* at 369. The employer's argument was based on appellate court cases that had found " 'the present scenario to be persuasively analogous

to the situation where a Civ.R. 41(A)(1)(a)(1) dismissal is expressly inapplicable, namely, when there is a counterclaim that cannot be independently adjudicated. The employer's appeal cannot be heard independent of the adjudication of the claimant's complaint.' " *Id.*, quoting *Rhynehardt v. Sears Logistics Services*, 103 Ohio App.3d 327, 332, 659 N.E.2d 375 (10th Dist.1995)

{¶ 27} However, the Supreme Court of Ohio found the counterclaim analogy to be "fundamentally flawed" because "[a] counterclaim is '[a] pleading that sets forth a claim for relief.' " *Robinson* at 369, quoting Civ.R.8(A). In this regard, the court stressed that "a notice of appeal filed by the employer pursuant to R.C. 4123.512 is no more a claim for relief than it is a request for affirmative relief or a demand for judgment." (Citation omitted.) *Id.*

{¶ 28} The Supreme Court of Ohio also rejected the counterclaim analogy in *Kaiser*. *See Kaiser,* 84 Ohio St.3d at 414, 704 N.E.2d 1212, citing *Robinson* at 364-370. Again, these points in *Kaiser* and *Robinson* would have been unaffected by the 2006 amendment to R.C. 4123.512(D), because the amendment simply indicated that employees could not dismiss their petitions in an employer appeal without the employer's consent. Consequently, even though the trial court dismissed the "case" under Civ.R. 41(B)(1), the dismissal could not have affected I-Force's notice of appeal, because I-Force was not a plaintiff, nor was the notice of appeal a "counterclaim, cross-claim, or third-party claim" under Civ.R. 41(C).

{¶ 29} As was noted, I-Force filed a motion for judgment on the pleadings in the trial court in July 2016, and the trial court denied the motion. The court reasoned that the "double-dismissal" rule did not apply, and that, therefore, the 2015 dismissal was not

an adjudication on the merits of the case under the "double-dismissal" rule in the last sentence of Civ.R. 41(A)(1).

**{¶ 30}** "A Civ.R. 12(C) motion for judgment on the pleadings is specifically for resolving questions of law," and our review is de novo. (Citations omitted.) *Gambrel*, 10th Dist. Franklin No. 07AP-1023, 2008-Ohio-3288, at ¶ 6.

**{¶ 31}** The last sentence of Civ.R. 41(A) states that:

Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits of any claim that the plaintiff has once dismissed in any court.

**{¶ 32}** In *Olynyk*, the Supreme Court of Ohio discussed the three types of dismissal under Civ. R. 41(A), pursuant to which plaintiffs may dismiss their cases: (1) without leave of court under Civ.R 41(A)(1)(a); (2) without leave, based on stipulation of all parties under Civ.R. 41(A)(1)(b); and (3) by court order under Civ.R. 41(A)(2). *Olynyk*, 114 Ohio St.3d 56, 2007-Ohio-2878, 868 N.E.2d 254, at ¶ 9. The court noted that each method places limitations on the ability to refile. *Id.* The court then said that:

It is well established that when a plaintiff files two unilateral notices of dismissal under Civ.R. 41(A)(1)(a) regarding the same claim, the second notice of dismissal functions as an adjudication of the merits of that claim, regardless of any contrary language in the second notice stating that the dismissal is meant to be without prejudice. * * * In that situation, the second dismissal is with prejudice under the double-dismissal rule, and res judicata applies if the plaintiff files a third complaint asserting the same cause of

action.

(Citations omitted.)   *Olynyk* at ¶ 10.

{¶ 33} In *Olynyk*, the appellant argued that this rule should apply to any prior dismissal under Civ.R. 41(A), whether it was a notice dismissal or not.   However, the court rejected the contention, stating that:

> Civ.R. 41(A) gives a plaintiff an opportunity to use one Civ.R. 41(A)(1)(a) notice dismissal without prejudice prior to the commencement of trial (subject to certain conditions, such as being unavailable when a related counterclaim is pending and the plaintiff's possibly being required under Civ.R. 41(D) to pay any outstanding costs of the claim previously dismissed before proceeding on a refiled claim).   But a plaintiff can take advantage of such a unilateral dismissal without prejudice only once, because a second notice dismissal is with prejudice to the case.   A plaintiff also has two other avenues for dismissal without prejudice under Civ.R. 41(A), but although those dismissals are at the plaintiff's instigation, neither can be unilaterally accomplished, as both contain significant limitations on the plaintiff's ability to use them.   A stipulated dismissal under Civ.R. 41(A)(1)(b) requires the cooperation of the opposing party or parties for the dismissal to be accomplished.   A dismissal by court order under Civ.R. 41(A)(2) requires the court to approve the dismissal before it can occur. Furthermore, under all three types of dismissals, plaintiffs are subject to other concerns, such as statutes of limitations.

> Because only a Civ.R. 41(A)(1)(a) dismissal is totally within a

plaintiff's control, the double-dismissal rule targets only that type of dismissal; the other two types of Civ.R. 41(A) dismissals do not implicate the double-dismissal rule.

*Olynyk*, 114 Ohio St.3d 56, 2007-Ohio-2878, 868 N.E.2d 254, at ¶ 25-26.

**{¶ 34}** Presumably, this holding is what the trial court relied on in concluding that the double-dismissal rule did not apply. Specifically, Paul's first dismissal was pursuant to Civ.R. 41(A)(1)(a), but the second dismissal, for lack of prosecution, was not. Nonetheless, the trial court's reliance was incorrect.

**{¶ 35}** As an initial matter, the double-dismissal rule was not at issue. The part of Civ.R. 41 in which the double-dismissal rule appears is Civ.R. 41(A). The second dismissal was ordered pursuant to Civ.R. 41(B)(1), and the trial court specifically stated that the dismissal was *without prejudice*. Thus, the prior dismissals would not have automatically resulted in a finding on the merits against Paul, at least under Civ.R. 41(A). *Compare Johnson v. Jefferson Industries Corp.*, 2015-Ohio-5035, 60 N.E.3d 424, ¶ 14 (12th Dist.) (noting that the double-dismissal rule did not apply where the appellant's two dismissals were involuntary).

**{¶ 36}** However, even though the double-dismissal rule does not apply, "the savings statute can be used only once to refile a case." *Thomas v. Freeman*, 79 Ohio St.3d 221, 227, 680 N.E.2d 997 (1997), citing *Hancock v. Kroger Co.*, 103 Ohio App.3d 266, 659 N.E.2d 336 (10th Dist. 1995). (Other citation omitted.). *Accord Johnson* at ¶ 16. This reflects the point that " 'R.C. 2305.19 may not be relied upon to keep a cause of action alive indefinitely.' " *Romine v. Ohio State Hwy. Patrol*, 136 Ohio App.3d 650, 654, 737 N.E.2d 586 (10th Dist.2000), quoting *Turner v. C. & F. Products Co., Inc.*, 10th

Dist. Franklin No. 95APE02-175, 1995 WL 578120 (Sept. 28, 1995). As a result, once the trial court entered the judgment of dismissal in March 2015, Paul was not permitted to refile using the savings statute.

{¶ 37} The relevant law, therefore, is found in *Fowee*, which stated that "[i]n an employer-initiated workers' compensation appeal pursuant to R.C. 4123.512, after the employee-claimant files the petition as required by R.C. 4123.512 and voluntarily dismisses it as allowed by Civ.R. 41(A), if the employee-claimant fails to refile within the year allowed by the saving statute, R.C. 2305.19, the employer is entitled to judgment on its appeal." *Fowee*, 108 Ohio St.3d 533, 2006-Ohio-1712, 844 N.E.2d 1193, at syllabus. Although the situation in the case before us does not involve a failure to refile after an initial dismissal, the reasoning in *Fowee* still applies.

{¶ 38} Paul argues that procedurally, the motion for judgment on the pleadings was improper and premature because there were no pleadings filed to which I-Force could respond, whereas, if Paul had been permitted to refile her complaint, pleadings would exist. We disagree. Civ.R. 12(C) states that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Although Paul's complaint had been dismissed, I-Force's notice of appeal was still pending. *Kaiser*, 84 Ohio St.3d at 415, 704 N.E.2d 1212

{¶ 39} In *Fowee*, the employee's complaint had been dismissed and she had failed to refile within the time permitted by R.C. 2305.19. *Id.* at ¶ 3-4. As here, the employer filed a motion for judgment on the pleadings more than a year after the complaint had been dismissed. *Id.* at ¶ 4. In affirming the judgment of the trial court, the Supreme Court of Ohio specifically stated that "[t]he judgment on the pleadings in favor of Wesley

Hall [the employer] was proper." *Id.* at ¶ 19.

{¶ 40} Based on *Fowee*, the trial court should have granted I-Force's motion for judgment on the pleadings. Accordingly, I-Force's assignment of error is sustained, and the judgment of the trial court will be reversed and remanded for further proceedings.

### III. Paul's Alleged Assignments of Error

{¶ 41} In her brief, Paul sets forth a "statement" of the assignments of error, which she has interpreted to include three assignments of error. In addition to arguing that I-Force's motion was procedurally improper and that she is not barred from refiling her complaint, Paul contends that the trial court erred in finding that her motion to refile her complaint was moot. In particular, Paul maintains that the trial court should have applied Civ.R. 60(B) to decide her motion to refile her complaint.

{¶ 42} Paul did not file a cross-appeal. App.R. 3(C)(1) provides that:

A person who intends to defend a judgment or order against an appeal taken by an appellant and who also seeks to change the judgment or order or, in the event the judgment or order may be reversed or modified, an interlocutory ruling merged into the judgment or order, shall file a notice of cross appeal within the time allowed by App.R. 4.

{¶ 43} " 'Assignments of error of an appellee who has not appealed from a judgment may be considered by a reviewing court only when necessary to prevent a reversal of the judgment under review.' " *Duracote Corp. v. Goodyear Tire & Rubber Co.*, 2 Ohio St.3d 160, 163, 443 N.E.2d 184 (1983), quoting *Parton v. Weilnau*, 169 Ohio St. 145, 158 N.E.2d 719 (1959), paragraph seven of the syllabus. "A party who intends

to defend a judgment yet asks to change its terms must file a notice of cross-appeal." *Matthews v. Morris Sons Co.*, 118 Ohio App.3d 345, 350, 692 N.E.2d 1055 (2d Dist.1997), citing App.R. 3(C)(1). Since Paul did not file a cross-appeal, and to the extent she seeks to change the terms of the judgment, we are precluded from considering this "assignment" of error.

**{¶ 44}** The trial court did not rule on Paul's motion, but concluded it was moot due to the denial of I-Force's motion for judgment on the pleadings. To the extent that Paul contends her motion was for relief from judgment, that would not affect the entry of judgment on the pleadings. A motion for relief from judgment is necessarily a post-judgment matter. *See, e.g.*, Civ.R. 60(B) ("[o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding * * *.")

**{¶ 45}** However, since the trial court's judgment is being reversed, the trial court may consider the motion on remand. We cannot decide the matter in the first instance here, as we have no idea what the trial court would have concluded if it had actually considered the motion.

**{¶ 46}** Based on the preceding discussion, the judgment of the trial court is reversed and this cause is remanded for further proceedings consistent with our opinion.

## IV. Conclusion

**{¶ 47}** I-Force's sole assignment of error having been sustained, the judgment of the trial court is reversed and this cause is remanded for further proceedings.

. . . . . . . . . . . . .

DONOVAN, J. and TUCKER, J., concur.

Copies mailed to:

Eric B. Cameron
William W. Johnston
Natalie Tackett
Hon. Nick A. Selvaggio