OLYNYK, APPELLEE, *v.* SCOLES; ANDRISH, APPELLANT, ET AL.

[Cite as *Olynyk v. Scoles,* 114 Ohio St.3d 56, 2007-Ohio-2878.]

(Nos. 2006–0235 and 2006–0310—Submitted March 13, 2007—Decided June 27, 2007.)

O'CONNOR, J.

{¶ 1} This appeal requires us to construe the "double-dismissal rule" of Civ.R. 41(A)(1). For the reasons that follow, we hold that the double-dismissal rule is

not implicated in the circumstances of this case, and we affirm the judgment of the court of appeals.

## Relevant Background

{¶ 2} In January 1997, plaintiff-appellee, Sarah Anastasia Olynyk, who was at that time a minor, filed, by and through her parents, a medical-negligence complaint in the Court of Common Pleas for Cuyahoga County against a number of defendants. In October 1997, Olynyk and her parents moved the trial court to dismiss the complaint without prejudice pursuant to Civ.R. 41(A)(2). On October 22, 1997, the trial court, in a journal entry, granted the Civ.R. 41(A)(2) motion to dismiss, and the case was "disposed without prejudice."

{¶ 3} In February 2002, Olynyk, as an adult, refiled a medical-negligence complaint against five doctors, including defendant-appellant, Jack T. Andrish, M.D. Three of the doctors were eventually dismissed as parties, leaving Dr. Andrish and another doctor as the two remaining defendants. In September 2003, the trial court granted summary judgment to both defendants. On appeal, the Eighth District Court of Appeals affirmed the trial court's judgment as to the other doctor, but reversed as to Dr. Andrish and remanded the cause for further proceedings. *Olynyk v. Scoles,* Cuyahoga App. No. 83525, 2004-Ohio-2688, 2004 WL 1171764.

{¶ 4} Upon remand, after considerable work by both sides in anticipation of trial, Olynyk filed a Civ.R. 41(A)(1)(a) notice of dismissal without prejudice in January 2005, shortly before the trial was set to begin. Later that month, the trial court issued a journal entry that provided, "As this is the second time this case has been DWOP [dismissed without prejudice], this case is DWP [dismissed with prejudice]."

{¶ 5} On appeal, the Eighth District Court of Appeals reversed the judgment of the trial court. The court of appeals reasoned that the January 2005 dismissal did not operate as "an adjudication upon the merits" pursuant to Civ.R. 41(A)(1)'s double-dismissal rule, because the 1997 dismissal was not a unilateral dismissal by the plaintiff under Civ.R. 41(A)(1)(a) ("notice dismissal"), but was a dismissal by order of court under Civ.R. 41(A)(2). Accordingly, the court of appeals held that the trial court had erred in ruling that the 2005 dismissal should function as a dismissal with prejudice. One judge, in concurring with the majority, also observed that upon Olynyk's 2005 filing of the Civ.R. 41(A)(1)(a) notice of dismissal, the trial court was immediately divested of jurisdiction over the merits of the case, and thus the trial court's order that the cause was dismissed with prejudice was invalid.

{¶ 6} The court of appeals then certified a conflict on the issue of whether the double-dismissal rule contained in Civ.R. 41(A) applies to a plaintiff's voluntary

dismissal of claims pursuant to Civ.R. 41(A)(2). The court of appeals found that its resolution of that issue conflicted with the decision of the Fifth Appellate District in *Van Beusecum v. Continental Builders, Inc.,* Delaware App. No. 04–CAE–01–008, 2004-Ohio-7261, 2004 WL 3090232.

{¶ 7} This court determined that a conflict exists (case No. 2006–0235), accepted jurisdiction over Dr. Andrish's discretionary appeal (case No. 2006–0310), and consolidated the two cases for consideration. 109 Ohio St.3d 1509, 2006-Ohio-2998, 849 N.E.2d 1029.

## Analysis

{¶ 8} At issue in this case is what is commonly referred to as the "double-dismissal rule," which is contained in the last sentence of Civ.R. 41(A)(1).[1] The sentence setting forth the double-dismissal rule provides that a dismissal under Civ.R. 41(A) is generally without prejudice, but then states an exception to that rule—"a notice of dismissal operates as an adjudication upon the merits of any claim that the plaintiff has once dismissed in any court."

{¶ 9} "Civ.R. 41(A) establishes three mechanisms by which a plaintiff can voluntarily dismiss his or her own case" without prejudice. *Frysinger v. Leech* (1987), 32 Ohio St.3d 38, 42, 512 N.E.2d 337. First, the plaintiff can dismiss the case without approval of the court and without approval from any adverse party by simply filing a written notice of dismissal before the trial begins. Civ.R. 41(A)(1)(a). Second, the plaintiff can dismiss the case without court approval by filing a stipulation of dismissal agreed to by all parties. Civ.R. 41(A)(1)(b). Third, the plaintiff can ask the trial court to dismiss the case. Civ.R. 41(A)(2). *Frysinger,* 32 Ohio St.3d at 42–43, 512 N.E.2d 337. See, also, *Chadwick v. Barba*

---

1. {¶ a} Civ.R. 41(A) provides:

{¶ b} "Voluntary dismissal: effect thereof

{¶ c} "(1) *By plaintiff; by stipulation.* Subject to the provisions of Civ.R. 23(E), Civ.R. 23.1, and Civ.R. 66, a plaintiff, without order of court, may dismiss all claims asserted by that plaintiff against a defendant by doing either of the following:

{¶ d} "(a) filing a notice of dismissal at any time before the commencement of trial unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by that defendant;

{¶ e} "(b) filing a stipulation of dismissal signed by all parties who have appeared in the action.

{¶ f} "Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits of any claim that the plaintiff has once dismissed in any court.

{¶ g} "(2) *By order of court.* Except as provided in division (A)(1) of this rule, a claim shall not be dismissed at the plaintiff's instance except upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon that defendant of the plaintiff's motion to dismiss, a claim shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under division (A)(2) of this rule is without prejudice."

*Lou* (1982), 69 Ohio St.2d 222, 229, 23 O.O.3d 232, 431 N.E.2d 660. Each of the three methods places concrete limitations on the plaintiff's ability to refile his or her complaint. *Frysinger,* 32 Ohio St.3d at 42–43, 512 N.E.2d 337; *Chadwick,* 69 Ohio St.2d at 229, 23 O.O.3d 232, 431 N.E.2d 660.

{¶ 10} It is well established that when a plaintiff files two unilateral notices of dismissal under Civ.R. 41(A)(1)(a) regarding the same claim, the second notice of dismissal functions as an adjudication of the merits of that claim, regardless of any contrary language in the second notice stating that the dismissal is meant to be without prejudice. See, e.g., *EMC Mtge. Corp. v. Jenkins,* 164 Ohio App.3d 240, 2005-Ohio-5799, 841 N.E.2d 855, ¶ 32; *Robinson v. Allstate Ins. Co.,* 8th Dist. No. 84666, 2004-Ohio-7032, 2004 WL 2980489, ¶ 29; *Forshey v. Airborne Freight Corp.* (2001), 142 Ohio App.3d 404, 408, 755 N.E.2d 969; *Mays v. Kroger Co.* (1998), 129 Ohio App.3d 159, 161–162, 717 N.E.2d 398; *Internatl. Computing & Electronic Eng. Corp. v. Ohio Dept. of Adm. Servs.* (May 9, 1996), 10th Dist. No. 95API11–1475, 1996 WL 239590. In that situation, the second dismissal is with prejudice under the double-dismissal rule, and res judicata applies if the plaintiff files a third complaint asserting the same cause of action. See 1970 Staff Note to Civ.R. 41 (when a dismissal is with prejudice, "the dismissed action in effect has been adjudicated upon the merits, and an action based on or including the same claim may not be retried").

{¶ 11} Because the double-dismissal rule specifically mentions "a notice of dismissal" when referring to the second dismissal, it is readily apparent that the second dismissal must be pursuant to Civ.R. 41(A)(1)(a) for the double-dismissal rule to operate. The issue in this case is whether the phrase in that last sentence of Civ.R. 41(A)(1) referring to the initial dismissal ("any claim that the plaintiff has once dismissed") countenances *any* previous dismissal initiated by a plaintiff under Civ.R. 41(A), or countenances only a previous dismissal under Civ.R. 41(A)(1)(a).

{¶ 12} Dr. Andrish argues that the literal phrasing of the rule as written—"any claim that the plaintiff has once dismissed"—conspicuously does not limit the first dismissal to only a notice dismissal. Therefore, Dr. Andrish argues, the rule should be interpreted so that a first dismissal satisfies the initial condition for the double-dismissal rule's operation whenever that first dismissal was "secured" by a plaintiff under any of the three dismissal mechanisms of Civ.R. 41(A). Dr. Andrish asserts that the rule should be called the "last-dismissal rule" rather than the "double-dismissal rule" to more accurately describe its application, and he urges this court to "enforce the rule as written."

{¶ 13} Olynyk counters by arguing that Civ.R. 41(A)(1)'s double-dismissal rule applies only when the first dismissal was also a notice dismissal under Civ.R. 41(A)(1)(a). As Olynyk points out, many appellate courts have held, as the court

of appeals did in this case, that for the double-dismissal rule to apply, both dismissals must be notice dismissals under Civ.R. 41(A)(1)(a). A number of those decisions involved the same scenario as in this case, with the first dismissal by order of court under Civ.R. 41(A)(2) and the second dismissal a notice dismissal under Civ.R. 41(A)(1)(a). See, e.g., *Heskett v. Paulig* (1999), 131 Ohio App.3d 221, 225, 722 N.E.2d 142; *Ham v. Park* (1996), 110 Ohio App.3d 803, 813–814, 675 N.E.2d 505; *Bowen v. Tony Perry Chevrolet* (Aug. 16, 1995), 9th Dist. No. 2415-M, 1995 WL 499979, *3; *Riley v. Med. College of Ohio Hosps.* (1992), 83 Ohio App.3d 139, 141, 614 N.E.2d 788.

{¶ 14} Courts have further held in cases presenting slightly different scenarios that the double-dismissal rule operates only when two Civ.R. 41(A)(1)(a) notice dismissals are involved and not in other situations. See, e.g., *Nemeth v. Aced, Hobbs, Wassell & O'Connor* (Feb. 22, 1996), 10th Dist. No. 95APE06–768, 1996 WL 76319, *4 (double-dismissal rule does not apply when first dismissal was by stipulation); *Hershiser v. BOS Corp.* (1990), 69 Ohio App.3d 186, 189, 590 N.E.2d 323 (double-dismissal rule not triggered when first dismissal was by stipulation); *Graham v. Pavarini* (1983), 9 Ohio App.3d 89, 93–94, 9 OBR 140, 458 N.E.2d 421 (double-dismissal rule does not apply when neither dismissal was a notice dismissal).

{¶ 15} Some guidance in resolving the issue presented by this case can be gleaned from *Chadwick,* 69 Ohio St.2d 222, 23 O.O.3d 232, 431 N.E.2d 660, and *Frysinger,* 32 Ohio St.3d 38, 512 N.E.2d 337. Both of those cases concerned whether the saving statute, R.C. 2305.19, applies after a Civ.R. 41(A) dismissal to save the refiled action from being barred by the relevant statute of limitations. Neither case involved two dismissals—*Chadwick* involved only a single dismissal under Civ.R. 41(A)(2), and *Frysinger* involved only a single dismissal under Civ.R. 41(A)(1)(a). See *Chadwick,* 69 Ohio St.3d at 225, 23 O.O.3d 232, 431 N.E.2d 660; and *Frysinger,* 32 Ohio St.3d at 39, 512 N.E.2d 337. Because neither case involved a double dismissal, any discussion within those cases that touched upon the double-dismissal rule was not definitive. Nevertheless, in the course of resolving the saving-statute issues that were addressed, both cases accurately discussed some implications of Civ.R. 41(A) dismissals.

{¶ 16} In *Chadwick,* 69 Ohio St.2d at 229, 23 O.O.3d 232, 431 N.E.2d 660, while analyzing the three types of plaintiff-initiated dismissals without prejudice that are available under Civ.R. 41(A), the court observed that "[u]nder Civ.R. 41(A)(1) a plaintiff may only once unilaterally dismiss an action while reserving his right to refile." By using the word "unilaterally," and by referring only to a notice dismissal within this specific comment, *Chadwick* supports the proposition that the double-dismissal rule is not applicable when the first dismissal was not a notice dismissal.

{¶ 17} Similarly, in *Frysinger*, while discussing the three mechanisms by which a plaintiff may initiate a dismissal without prejudice, the court stated that a "plaintiff can dismiss the case without approval of the court or any adverse party, by filing a written notice before the trial begins. Civ.R. 41(A)(1)(a). However, a second dismissal by a written notice under Civ.R. 41(A)(1)(a) 'operates as an adjudication upon the merits' and bars the plaintiff from pursing that claim again." 32 Ohio St.3d at 42, 512 N.E.2d 337. Tellingly, *Frysinger* mentioned the double-dismissal rule only in the context of a first dismissal by notice.

{¶ 18} Finally, the 1970 Staff Notes to Civ.R. 41 provide considerable support for the view that both dismissals must be notice dismissals for the double-dismissal rule to operate. A 1970 Staff Note to Civ.R. 41(A) states: "Under Rule 41(A)(1) a plaintiff may voluntarily and without an order of court dismiss his case without prejudice by filing a *notice* of dismissal at any time before the commencement of trial. He may, however, file such notice only once. A second similar dismissal at the sole initiative of the plaintiff and without an order of court will be construed as an adjudication upon the merits barring a third suit on the same claim." (Emphasis sic.) By specifically calling attention to the word "notice," and by confining its scope to notice dismissals only, this comment clarifies that the double-dismissal rule is meant to encompass only two notice dismissals.

{¶ 19} Although we accepted a conflict certified by the Eighth District Court of Appeals that determined that the decision of the Fifth District Court of Appeals in *Van Beusecum*, 2004-Ohio-7261, 2004 WL 3090232, is in conflict with the decision of the court of appeals in this case, a reexamination reveals that no conflict truly exists. The issue before the court in *Van Beusecum* was whether the previous dismissal was a voluntary one by the plaintiffs or was by initiative of the court. The court determined that the reason the double-dismissal rule did not apply was that the previous dismissal had not been voluntarily undertaken by the plaintiffs—so the first dismissal was not a Civ.R. 41(A) dismissal.

{¶ 20} It is true that some of the discussion in *Van Beusecum* on the double-dismissal rule is susceptible of a reading that the rule applies when the first dismissal was other than a notice dismissal under Civ.R. 41(A)(1)(a). However, that discussion is dictum as to that issue and is too oblique to actually be in conflict with the court of appeals' decision in this case.

{¶ 21} Ohio's Civ.R. 41(A) and Fed.R.Civ.P. 41(a) are not identical, but Ohio's rule is patterned after the federal rule, and the two rules share many common features. See 1970 Staff Note to Civ.R. 41. In particular, the double-dismissal rule (more commonly called the "two-dismissal rule" in federal courts) of Fed.R.Civ.P. 41(a)(1) differs only slightly from Ohio's double-dismissal rule and is similar enough that cases interpreting the federal two-dismissal rule are fully relevant. In *Poloron Prods., Inc. v. Lybrand Ross Bros. & Montgomery* (C.A.2,

1976), 534 F.2d 1012, 1018, the Second Circuit held that "the filing of a notice of dismissal preceded by a dismissal by stipulation knowingly consented to by all parties does not activate the 'two dismissal' bar against bringing an action based on or including the same claim."

{¶ 22} In *ASX Invest. Corp. v. Newton* (C.A.11, 1999), 183 F.3d 1265, a well-reasoned decision that involves a situation procedurally on point with that of this case, the Eleventh Circuit concluded that "the [Federal] Rule 41(a)(1) two dismissal rule is not implicated where a first dismissal is by a plaintiff's motion and order of the court." *ASX* at 1267. In reaching its conclusion, the court stated:

{¶ 23} "The two dismissal rule does not state the specific means by which the first dismissal must have been obtained to implicate the rule. It does, however, state the rule is implicated when 'a *plaintiff* * * * has once dismissed' a claim. Rule 41(a)(1), in which the two dismissal rule appears, provides for dismissal by a plaintiff without order of court by the filing of a timely notice of dismissal or a stipulation of dismissal signed by all parties. Dismissal on plaintiff's motion and by order of court, on the other hand, is provided for in Rule 41(a)(2). Rule 41(a)(1) and Rule 41(a)(2) each ends with a sentence explaining the effect of dismissal obtained under their respective provisions. For Rule 41(a)(1), that last sentence includes the two dismissal rule. There is no two dismissal rule set out in Rule 41(a)(2) and we see no basis for reading the two dismissal rule to apply where the first dismissal is achieved by motion and order of the court. Although dismissal under Rule 41(a)(2) is, as the rule says, 'at the plaintiff's instance,' the actual dismissal is by the court and therefore does not implicate the Rule 41(a)(1) two dismissal rule." (Emphasis sic; footnotes omitted.) *ASX* at 1267–1268.

{¶ 24} In light of the above authorities, the judgment of the court of appeals in this case is consistent with the principles underlying Civ.R. 41(A) and the well-reasoned decisions of virtually every court that has considered the same issue or related issues.

{¶ 25} Civ.R. 41(A) gives a plaintiff an opportunity to use one Civ.R. 41(A)(1)(a) notice dismissal without prejudice prior to the commencement of trial (subject to certain conditions, such as being unavailable when a related counterclaim is pending and the plaintiff's possibly being required under Civ.R. 41(D) to pay any outstanding costs of the claim previously dismissed before proceeding on a refiled claim). But a plaintiff can take advantage of such a unilateral dismissal without prejudice only once, because a second notice dismissal is with prejudice to the case. A plaintiff also has two other avenues for dismissal without prejudice under Civ.R. 41(A), but although those dismissals are at the plaintiff's instigation, neither can be unilaterally accomplished, as both contain significant limitations on the plaintiff's ability to use them. A stipulated dismissal under Civ.R. 41(A)(1)(b)

requires the cooperation of the opposing party or parties for the dismissal to be accomplished. A dismissal by court order under Civ.R. 41(A)(2) requires the court to approve the dismissal before it can occur. Furthermore, under all three types of dismissals, plaintiffs are subject to other concerns, such as statutes of limitations.

{¶ 26} Because only a Civ.R. 41(A)(1)(a) dismissal is totally within a plaintiff's control, the double-dismissal rule targets only that type of dismissal; the other two types of Civ.R. 41(A) dismissals do not implicate the double-dismissal rule.

{¶ 27} Olynyk's 1997 dismissal was clearly by order of court under Civ.R. 41(A)(2). If the trial court at that time had, in the exercise of its discretion, refused to grant Olynyk's request for dismissal,[2] Olynyk would have been forced to make one of three choices to preserve her claim—either unilaterally dismiss her suit by filing a notice of dismissal, or convince all defendants to stipulate to a dismissal without prejudice, or proceed with the litigation. However, the trial court in 1997 did grant the dismissal without prejudice, so the option for Olynyk to use her one Civ.R. 41(A)(1)(a) unilateral notice dismissal without prejudice was still available to be used without fear that a second notice dismissal would operate as an adjudication on the merits. In filing her 2005 notice of dismissal prior to the start of trial, Olynyk took advantage of her one opportunity to unilaterally dismiss without prejudice.

{¶ 28} The trial court erred in ordering a dismissal with prejudice for at least two reasons. First, once Olynyk dismissed under Civ.R. 41(A)(1)(a), the trial court's jurisdiction over the merits of her case was terminated, and the trial court had no authority to rule that the dismissal was with prejudice. Any contentions that this 2005 dismissal by Olynyk implicated the double-dismissal rule would have had to wait until the complaint was refiled. Second, because Olynyk's 1997 dismissal was not a Civ.R. 41(A)(1)(a) notice dismissal, the double-dismissal rule was not implicated.

{¶ 29} One significant difference between Ohio's Civ.R. 41(A)(1)(a) and Fed. R.Civ.P. 41(a)(1)(i) is that Ohio's rule permits a plaintiff to file a notice of dismissal "at any time before the commencement of trial" (unless a counterclaim that cannot remain pending without the plaintiff's claim has been served by the defendant), while the federal rule permits a plaintiff to file a notice of dismissal "at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs." Therefore, under Ohio's rule, a plaintiff can utilize Civ.R. 41(A)(1)(a) literally at the last minute before the trial is

---

2. We note that in *Frysinger*, the plaintiff had initially requested that the court grant a Civ.R. 41(A)(2) dismissal without prejudice, but the trial court denied that request, so the plaintiff chose to file a notice of dismissal pursuant to Civ.R. 41(A)(1)(a). See 32 Ohio St.3d at 39, 512 N.E.2d 337.

about to begin, while the federal rule gives less leeway to plaintiffs and places an earlier deadline on the filing of a notice of dismissal.

{¶ 30} As illustrated by the circumstances of this case, a plaintiff who waits until the 11th hour to exercise her one opportunity to file a notice of dismissal without prejudice can cause great inconvenience and expense for the opposing party when considerable trial preparations have already occurred and trial is imminent. The court's docket is also negatively affected by the exercise of a notice dismissal immediately prior to trial. For these reasons, it may be prudent for Ohio to consider whether it would be appropriate to amend Civ.R. 41(A)(1)(a) to more closely follow the federal approach in this regard.

## Conclusion

{¶ 31} In answering the specific issue posed by this case, we determine that the double-dismissal rule contained in Civ.R. 41(A)(1) does not apply to a plaintiff's dismissal of claims pursuant to Civ.R. 41(A)(2). Furthermore, although this opinion focuses on whether a first dismissal under Civ.R. 41(A)(2) implicates the double-dismissal rule, for the reasons expressed above, our decision also answers whether the rule applies when the first dismissal is by stipulation under Civ.R. 41(A)(1)(b)—neither type of dismissal implicates the double-dismissal rule. Consequently, we hold that the double-dismissal rule of Civ.R. 41(A)(1) applies only when both dismissals were notice dismissals under Civ.R. 41(A)(1)(a).

{¶ 32} We affirm the judgment of the court of appeals. This cause is remanded to the trial court for that court to vacate its determination that the dismissal of this cause was with prejudice.

Judgment affirmed.

MOYER, C.J., LUNDBERG STRATTON, LANZINGER and CUPP, JJ., concur.

PFEIFER, J., concurs in the syllabus and the judgment.

O'DONNELL, J., dissents and would dismiss the appeal as having been improvidently accepted.

----

Pheils & Wisniewski and David R. Pheils Jr., for appellee.

Reminger & Reminger Co., L.P.A., Michelle J. Sheehan, Alan B. Parker, and Amy S. Thomas, for appellant.