{¶ 31} The Browns' trial was set for September 2006. They had already paid for airfare for an expert and were prepared to proceed. But on the day that the trial was to start, the trial court sua sponte removed the case from that day's docket, apparently because the trial judge attended a funeral (of a former judge of this court). Though the cancellation was understandable, the Browns were greatly inconvenienced by the trial court's sua sponte continuance because they had to pay a cancellation fee to the expert, as well as wasted airfare.
 {¶ 32} But a little over a year later, the trial court (a different judge) refused to grant a continuance so that the Browns could attend the funeral of a close family member and dismissed their case with prejudice. Ironic.
 Failure to Exercise Discretion is an Abuse of Discretion {¶ 33} We are reviewing the visiting judge's entry, which in part stated, "With the undersigned's assignment in this matter being only to preside at the trial of this case, he then advised those present thathe did not have the authority to grant a continuance * * *." (emphasis added)
 {¶ 34} "[T]he failure to exercise discretion in the mistaken belief it does not exist almost always amounts to reversible error."[17] After the first judge abrogated the first trial, another judge took his place. That judge refused to grant a continuance, but then referred the case to a third (visiting) judge for trial. The visiting judge believed that he could not grant the Browns' motion for a continuance and had no choice but to dismiss with prejudice. But the visiting judge did have the authority to handle this case *Page 9 
differently. And because the trial court failed to exercise discretion because of that mistaken belief, it committed reversible error.
 Continuance Motion {¶ 35} The majority points out the factors a trial court should consider before granting or denying a motion for a continuance. In this case, if the visiting judge had considered the factors, it would have been reasonable for him to either grant or deny the motion. The Browns were only asking to delay for a day or two. The reason for the delay was a funeral in Mississippi for a close family member that had taken place the Saturday before the Monday start of the trial. (At oral argument, Bowers' counsel asserted that the Browns should have flown back instead of driving. This statement fails to consider that not everyone has the means to travel by air on short notice — imagine the cost.) The only other continuance was a year earlier, when the trial court sua sponte continued the case because the trial judge wished to attend a funeral.
 {¶ 36} The visiting judge had the discretion to either grant or deny the motion, but he mistakenly believed he had no discretion. This itself was an abuse of discretion that requires reversal. And the judge would not have dismissed if he thought he had discretion — as proved by the next section.
 Dismissal with Prejudice was an Error of Law {¶ 37} The trial court dismissed the Browns' case with prejudice. At a hearing, the trial court stated, "I regret that I must dismiss thecase at this time, and it will be dismissed with prejudice since youhave previously had a 41(A)." (emphasis added)
 {¶ 38} This was an error of law — the double-dismissal rule applies only when a plaintiff twice dismisses under Civ. R. 41(A)(1). *Page 10 
 {¶ 39} Based upon this error alone, we must reverse. The judge believed that the dismissal was required to be with prejudice, so he exercised no discretion whatsoever. (I do not fault the trial judge for this belief. Only with the benefit of research did I learn this nuance.)
 {¶ 40} Perhaps the majority thinks that, if the judge would have had discretion, he would have dismissed with prejudice. But we do not know that — we know the opposite — "I regret that I must" is about as clear as it gets. By that statement alone we know that the judge would have dismissed without prejudice had he realized that he had the discretion to do otherwise. But he believed that the law mandated dismissal with prejudice. This was an error of law, and as such cannot be reviewed under an abuse standard.
 {¶ 41} In Olynyk v. Scoles, [18] the plaintiffs case was dismissed once under Civ.R 41(A)(2) — by order of the court rather than by a notice of dismissal under Civ.R 41(A)(1). Shortly before trial was to begin, the plaintiff filed a notice of dismissal under Civ. R. 41(A)(1). The trial court held that the dismissal was with prejudice because it was the second time that the plaintiff had dismissed the case. But the Ohio Supreme Court determined that "[b]ecause only a Civ. R. 41(A)(1)(a) dismissal is totally within a plaintiffs control, the double-dismissal rule targets only that type of dismissal. "[19] Regardless of what the entry said in this case, the law was otherwise — that alone is the answer to this case. Should we ignore the law here?
 {¶ 42} The Ohio Supreme Court has made it clear that the double-dismissal rule only applies to dismissals under Civ.R 41(A). Thus the trial court had the discretion to dismiss without prejudice. And because the trial court failed to exercise discretion because of its mistaken belief, we should reverse. *Page 11 
 Third Reason Majority is Wrong {¶ 43} Further, even if the trial court had used the correct law, the Browns' conduct did not merit dismissal with prejudice.
 {¶ 44} The trial court dismissed the case for "lack of prosecution," which is reviewed on an abuse-of-discretion basis.[20] But the standard of review for the dismissal with prejudice is heightened because the dismissal would forever deny the Browns a judgment on the merits of their case.[21]
 {¶ 45} The trial court may only dismiss a case with prejudice if the party's conduct is "so negligent, irresponsible, contumacious or dilatory as to provide substantial grounds for a dismissal with prejudice for a failure to prosecute or obey a court order."[22]
Further, the conduct must "fall substantially below what is reasonable under the circumstances evidencing a complete disregard for the judicial system or the rights of the opposing party."[23]
 {¶ 46} The Browns' and their attorney's behavior did not come anywhere near completely disregarding the judicial process or Bowers' rights. They simply asked for a brief continuance so that they could attend the funeral of Mrs. Brown's aunt, who had helped to raise her. Was this unreasonable? If so, then the first judge's decision to attend the funeral of an unrelated person was equally so. But obviously neither decision was unreasonable.
 {¶ 47} Part of the justification that the trial court — before the case was assigned to the visiting judge — used to refuse to continue the case was that it had been pending for years. But the Browns had been set to move forward an entire year earlier when the trial court had sua sponte continued the case. The length of time that the case had been *Page 12 
pending was not solely due to the Browns. The trial court itself contributed to the delay. The trial court erred by failing to consider options other than dismissal with prejudice.
 We Should Allow the Browns their Day in Court {¶ 48} Cases should proceed on their merits, not be dismissed in error. The trial court used the wrong law thrice: (1) holding that there was no discretion to continue, (2) applying the double-dismissal rule, and (3) dismissing with prejudice. All three were error, and any one requires reversal.
 {¶ 49} The majority's holding is the "type of result that causes laymen to scratch their heads and roll their eyes in bewilderment. "[24] From it, I dissent.
[17] State v. Zukowski, 10th Dist. No. 06AP-46, 2006-Ohio-5299, at ¶ 9. See, also, Oakbrook Realty Corp. v. Blout (1988),48 Ohio App.3d 69, 71, 548 N.E.2d 305.
[18] 114 Ohio St.3d 56, 2007-Ohio-2878, 868 N.E.2d 254.
[19] Id. at ¶ 26.
[20] Jones v. Hartranft, 78 Ohio St.3d 368, 371, 1997-Ohio-203,678 N.E.2d 530.
[21] Id. at 372.
[22] Tokles Son, Inc. v. Midwestern Indemnity Co. (1992),65 Ohio St.3d 621, 632, 605 N.E.2d 936.
[23] Moore v. Emmanuel Family Training Ctr., Inc. (1985),18 Ohio St.3d 64, 70, 479 N.E.2d 879.
[24] Roberts v. Krupka (1989), 13 Kan. App.2d 691, 779 P.2d 447. *Page 1