[Cite as *HSBC Bank USA, N.A. v. Wanda*, 2013-Ohio-1556.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 98775**

---

## HSBC BANK USA, N.A., ETC.

PLAINTIFF-APPELLANT

vs.

## DANIEL A. WANDA, ET AL.

DEFENDANTS-APPELLEES

---

### JUDGMENT:
REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-782637

**BEFORE:** Celebrezze, P.J., Keough, J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** April 18, 2013

**ATTORNEYS FOR APPELLANT**

Scott A. King
Terry W. Posey, Jr.
Thompson Hine, L.L.P.
Austin Landing I
10050 Innovation Drive
Suite 400
P.O. Box 8801
Dayton, Ohio   45401

Wayne E. Ulbrich
120 E. 4th Street
8th Floor
Cincinnati, Ohio   45202


**ATTORNEYS FOR APPELLEE**

Allen C. Tittle
Christopher M. Mellino
Mellino Robenalt, L.L.C.
19704 Center Ridge Road
Rocky River, Ohio   44116

FRANK D. CELEBREZZE, JR., P.J.:

{¶1} Appellant, HSBC Bank USA, N.A. ("HSBC"), brings the instant appeal from the grant of summary judgment in favor of appellee, Daniel Wanda ("Wanda"), disposing of HSBC's foreclosure action. HSBC argues the trial court erred in dismissing the third filing of its foreclosure action because the "double-dismissal rule" does not apply to this case. After a thorough review of the record and case law, we agree and reverse the grant of summary judgment.

## I. Factual and Procedural History

{¶2} Wanda entered into a loan agreement with Wells Fargo Bank, N.A., on December 30, 2004, for $135,000. The resultant mortgage was filed with the Cuyahoga County Recorder's Office, covering a residence in Parma, Ohio. The note and mortgage were assigned to HSBC on May 14, 2009, and properly registered with the county recorder.

{¶3} Wanda failed to timely pay his mortgage, and HSBC instituted a foreclosure action on March 17, 2011. Service was perfected on Wanda, but he did not respond to the complaint. On July 11, 2011, the trial court put forth an order directing HSBC to file for default judgment within ten days or risk dismissal without prejudice for failure to prosecute. On July 25, 2011, the court did just that after HSBC failed to file for default judgment.

{¶4} HSBC refiled its foreclosure action on August 20, 2011. After service on Wanda was again perfected, the trial court instructed HSBC to file for default judgment

within ten days of November 17, 2011, or the case may be dismissed without prejudice for failure to prosecute. Again, HSBC failed to file a motion for default judgment, and the trial court, on November 29, 2011, dismissed the case without prejudice.[1] The order of dismissal also instructed HSBC to notify the trial court within seven days of any refiling of its foreclosure action.

{¶5} HSBC refiled its foreclosure action on May 15, 2012. It complied with the previous order to notify the original trial judge of the refiling, and the case was transferred to the docket of that judge. Wanda was served by special process server on June 11, 2012. He filed an answer and motion for summary judgment on June 21, 2012. HSBC's motion in opposition was timely filed on July 20, 2012. The trial court granted Wanda's motion for summary judgment on July 26, 2012. HSBC timely filed the instant appeal assigning one error:

I. The trial court erred in dismissing the complaint.

## II. Law and Analysis

{¶6} HSBC argues the trial court erred when it granted summary judgment in favor of Wanda. This court reviews the trial court's decision de novo. *Parenti v. Goodyear Tire & Rubber Co.*, 66 Ohio App.3d 826, 829, 586 N.E.2d 1121 (9th Dist.1990). Under Civ.R. 56, summary judgment is only proper when the movant demonstrates that, viewing the evidence most strongly in favor of the non-movant, reasonable minds must conclude

---

[1] HSBC had sought an extension of time to file its dispositive motion on November 23, 2011, but that was denied by the trial court on November 29, 2011.

that no genuine issue as to any material fact remains to be litigated and the moving party is entitled to judgment as a matter of law. *Doe v. Shaffer*, 90 Ohio St.3d 388, 390, 2000-Ohio-186, 738 N.E.2d 1243.

{¶7} Wanda's first argument in his motion for summary judgment is the "double-dismissal rule." This rule is governed by Civ.R. 41(A)(1) and states:

> Subject to the provisions of Civ.R. 23(E), Civ.R. 23.1, and Civ.R. 66, a plaintiff, without order of court, may dismiss all claims asserted by that plaintiff against a defendant by doing either of the following:
>
> (a) filing a notice of dismissal at any time before the commencement of trial unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by that defendant;
>
> (b) filing a stipulation of dismissal signed by all parties who have appeared in the action.
>
> Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, *except that a notice of dismissal operates as an adjudication upon the merits of any claim that the plaintiff has once dismissed in any court.* (Emphasis added.)

{¶8} A dismissal for failure to prosecute is not included in this rule. Such a dismissal is specifically governed by Civ.R. 41(B)(1), stating that "[w]here the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim."

{¶9} The trial court can, in its discretion, make a dismissal under Civ.R. 41(B)(1) a final adjudication because Civ.R. 41(B)(3) specifies that dismissals for failure to prosecute may be a dismissal upon the merits. *See also* 1970 Staff Note to Civ.R. 41(B).

**{¶10}** A recent case addressed the applicability of the double-dismissal rule where prior dismissals were not initiated by the plaintiff in a case. In a foreclosure action initiated by a mortgage holder, the mortgagor sought summary judgment arguing that the foreclosure action was a third filing of the same action and should be dismissed by the rule outlined in Civ.R. 41(A). *Arch Bay Holdings, L.L.C. Series 2010A v. Brown*, 2d Dist. No. 25073, 2012-Ohio-4966. In addressing these pro se arguments raised for the first time on appeal, the Second District noted, "[t]he 'double-dismissal rule of Civ.R. 41(A)(1) applies only when both dismissals were notice dismissals under Civ.R. 41(A)(1)(a).'" *Id.* at ¶ 14, quoting *Olynyk v. Scoles*, 114 Ohio St.3d 56, 2007-Ohio-2878, 868 N.E.2d 254, ¶ 31.

**{¶11}** In *Olynyk*, the Ohio Supreme Court analyzed the applicability of the double-dismissal rule:

> It is well established that when a plaintiff files two unilateral notices of dismissal under Civ.R. 41(A)(1)(a) regarding the same claim, the second notice of dismissal functions as an adjudication of the merits of that claim, regardless of any contrary language in the second notice stating that the dismissal is meant to be without prejudice. In that situation, the second dismissal is with prejudice under the double-dismissal rule, and res judicata applies if the plaintiff files a third complaint asserting the same cause of action.
>
> Because the double-dismissal rule specifically mentions "a notice of dismissal" when referring to the second dismissal, it is readily apparent that the second dismissal must be pursuant to Civ.R. 41(A)(1)(a) for the double-dismissal rule to operate. (Citations omitted.)

Id. at ¶ 10-11.

**{¶12}** In the present case, neither dismissal was unilaterally initiated by HSBC. Both were Civ.R. 41(B) dismissals without prejudice, as specified in the journal entries. The double-dismissal rule is not implicated here where the first two dismissals were involuntary dismissals for failure to prosecute. Accordingly, that rationale cannot serve as the basis for granting summary judgment.

**{¶13}** Wanda also argued in his motion for summary judgment that HSBC displayed a clear disregard for the judicial system. Wanda's arguments below went to the fact that the trial court's second dismissal without prejudice instructed HSBC to notify the court within seven days of any refiled complaint. Wanda incorrectly read this as an order to HSBC to refile any claim within seven days of the prior dismissal. The trial court acknowledged this in its journal entry granting summary judgment:

> [Wanda] has misinterpreted the journal entry regarding notice within 7 days of refiling; that notation is to notify the court if a case is refiled, it is not intended nor worded to imply a case 1) should be refiled 2) that if refiled, that it must be done in a period of time; the language is there in order to efficiently notify the assigned judge that under local rules, transfer is appropriate to the original judge.

Therefore, Wanda's arguments to the trial court regarding this issue are clearly erroneous.

**{¶14}** Wanda did not make the same argument below that he now makes — that HSBC's prior behavior in failing to prosecute should lead to dismissal in the instant case.

**{¶15}** The trial court's sole basis for granting summary judgment was the fact that "this is the third filing of this case, with previous cases [dismissed without prejudice] by the court for failure to prosecute * * *." An independent review of this issue reveals that prior dismissals based on a failure to prosecute do not implicate the double-dismissal rule.

Here, those dismissals were without prejudice and do not have res judicata effect. *Olynyk*, 114 Ohio St.3d 56, 2007-Ohio-2878, 868 N.E.2d 254, ¶ 31. While the trial court could still dismiss the case with prejudice based on a failure to comply with an order of the court according to Civ.R. 41(B)(1), there is no indication that HSBC ignored an order of the court or failed to prosecute the *present*, refiled case.

{¶16} Wanda claims that the trial court examined HSBC's prior actions and found they constituted "a complete disregard of the judicial system or the rights of the opposing party." *Sazima v. Chalko*, 86 Ohio St.3d 151, 158, 1999-Ohio-92, 712 N.E.2d 729. While a trial court may consider past actions, including prior dismissed actions, as stated in *Sazima*, the general rule that, whenever possible, cases are to be decided on their merits still holds true. *Id.*

{¶17} Wanda also argues that the trial court's grant of summary judgment was appropriate because he has suffered prejudice from the prior dismissed actions. However, Wanda was not prejudiced by the prior filings. In the previous two cases, he failed to respond at all. The cases were dismissed because HSBC failed to timely move for default judgment. Its failure to do so likely inured a benefit to Wanda because he was able to retain counsel and properly defend against HSBC's foreclosure action. Otherwise, he would have missed his opportunity to present a defense. Any harm to Wanda is minimal and certainly not the type of prejudice that should lead the trial court to the conclusion that the harshest possible sanction, summary judgment amounting to

dismissal with prejudice, was warranted. The trial court's grant of summary judgment is therefore reversed.

### III. Conclusion

{¶18} The trial court erred when it granted summary judgment in Wanda's favor because he offered no pertinent grounds for dismissing the foreclosure action. The trial court's decision was based on the double-dismissal rule, which had no application where the prior dismissals were not voluntary dismissals under Civ.R. 41(A)(1).

{¶19} This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant recover of said appellees costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
MARY EILEEN KILBANE, J., CONCUR