[Cite as *Blackstone v. DeSmith*, 2018-Ohio-4355.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

| | |
|---|---|
| T.B., et al. | Court of Appeals No. WD-17-060 |
| Appellants | Trial Court No. 17 CV 169 |
| v. | |
| T.D., et al. | **DECISION AND JUDGMENT** |
| Appellees | Decided: October 26, 2018 |

* * * * *

Marvin A. Robon and Zachary J. Murry, for appellants.

Michael E. Lyford, for appellees.

* * * * *

**PIETRYKOWKSI, J.**

{¶ 1} Plaintiffs-appellants, T.B., and minor son, LB., appeal the November 9, 2017 judgment of the Wood County Court of Common Pleas which granted defendants-appellants, T.D. and M.D.'s motion for summary judgment. Because we agree that the double dismissal rule under Civ.R. 41 applies, we affirm.

{¶ 2} The procedural history of this case drives our determination. On November 26, 2014, appellants commenced a negligence action in the Wood County Court of Common pleas (Case 1) stemming from an automobile accident on December 1, 2012, and involving driver-appellee, T.D.; appellee, M.D., was the owner of the vehicle. Appellants were represented by attorney Kevin F. Kurgis. Days later, on December 1, 2014, appellants, through attorney Esteban Callejas, again filed a negligence complaint in the Wood County Court of Common Pleas against appellees relating to the same motor-vehicle accident (Case 2.)

{¶ 3} On December 22, 2014, appellees filed a motion to consolidate Case 1 and Case 2 stating that the actions involved the same accident and parties. The court set a hearing on the motion for February 10, 2015. On February 5, 2015, the attorney in Case 1 filed a notice of voluntary dismissal pursuant to Civ.R. 41(A)(1)(a), stating that his clients failed to advise him that they had retained new counsel and that he had commenced Case 1 to "protect the statute of limitations" and that the dismissal would have no effect on Case 2.

{¶ 4} Case 2 proceeded until April 26, 2016, when appellants' counsel filed a Civ.R. 41(A) notice of dismissal without prejudice. The dismissal was journalized on April 27, 2016.

{¶ 5} On March 28, 2017, the matter was refiled against appellees (Case 3.) On April 27, 2017, appellees filed a motion to dismiss Case 3 arguing that because appellants had already brought and dismissed two lawsuits as to the same matter, their third action

2.

was barred by the double dismissal rule under Civ.R. 41(A). On July 31, 2017, following a motion by appellants, the trial court converted the motion to dismiss to a motion for summary judgment.

{¶ 6} On November 9, 2017, the trial court granted appellees' motion for summary judgment. The court found that appellants had dismissed the case on two prior occasions pursuant to Civ.R. 41(A)(1); thus, the rule applied to bar the third action. The court then considered and rejected appellants' arguments: first, that the language of Civ.R. 41(A) was not mandatory; and second, that the procedural facts of the case, concurrently filed complaints, did not implicate the rule. This appeal followed.

{¶ 7} Appellants now raise the following assignment of error:

The trial court committed reversible error by entering summary judgment in favor of the defendants-appellees.

{¶ 8} In their sole assignment of error, appellants contend that the court erred in granting appellees' motion for summary judgment because the double-dismissal rule should not be applied where the action involved current, rather than successive cases, that the policy behind the rule was not implicated, and that the prior attorney did not represent appellants when he dismissed the action.

{¶ 9} Applying the same standard as the trial court, we review the grant of a motion for summary judgment de novo. *Lorain Natl. Bank v. Saratoga Apts.*, 61 Ohio App.3d 127, 129, 572 N.E.2d 198 (9th Dist.1989); *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Under Civ.R. 56(C), summary judgment is

3.

appropriate where (1) no genuine issue as to any material fact exists; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978).

{¶ 10} At issue is the application of Civ.R. 41(A), which provides:

(A) Voluntary dismissal; Effect thereof.

(1) By plaintiff; By stipulation. Subject to the provisions of Civ.R. 23(E), Civ.R. 23.1, and Civ.R. 66, a plaintiff, without order of court, may dismiss all claims asserted by that plaintiff against a defendant by doing either of the following:

(a) filing a notice of dismissal at any time before the commencement of trial unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by that defendant;

(b) filing a stipulation of dismissal signed by all parties who have appeared in the action.

Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits of any claim that the plaintiff has once dismissed in any court.

4.

{¶ 11} The last sentence of Civ.R. 41(A)(1) is known as the "two-dismissal" or "double-dismissal rule." The rule bars, by operation of res judicata, a third filing of a complaint in any court after two voluntary dismissals pursuant to Civ.R. 41(A)(1)(a). *Olynyk v. Scoles*, 114 Ohio St.3d 56, 2007-Ohio-2878, 868 N.E.2d 254 ¶ 10-11. The barred claims must arise from the same transaction or occurrence, meaning they arise from a "common nucleus of operative facts"; and include any claims that were or might have been litigated. (Citations omitted.) *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 382-383, 653 N.E.2d 226 (1995).

{¶ 12} Appellants do not dispute either that the dismissals were voluntary under Civ.R. 41(A)(1) or that they involved claims arising from the same motor-vehicle accident. The crux of their argument is that the trial court erred by rigidly adhering to the plain language of Civ.R. 41 without embracing the "liberalizing flexibility" reflected in the civil rules, particularly Civ.R. 1(B), by the discretion afforded the trial court. They further contend that the dismissal in Case 1 was effectuated by prior counsel and was not done to harass appellees. Appellants cite no on-point authority in support of these general claims.

{¶ 13} Reviewing the body of Ohio case law analyzing the double-dismissal rule we note that courts have generally adhered to a strict application. *Olynyk* at ¶ 10. In *Robinson v. Allstate Ins. Co.*, 8th Dist. Cuyahoga No. 84666, 2004-Ohio-7032, the appellant commenced three near-identical actions; the court found the third to be barred by res judicata after the first two were voluntarily dismissed. Similar to this action, the

5.

second complaint was filed while the first was still pending. *Id.* at ¶ 30. The court

rejected appellant's contention that the filing and dismissal of the second complaint was

due to "clerical error" and, thus, the double dismissal rule should not apply to bar the

third action. *Id.* at ¶ 31. *Accord Boozer v. Univ. of Cincinnati Sch. of Law*, 10th Dist.

Franklin No. 05AP-1099, 2006-Ohio-2610.

{¶ 14} As to appellants' argument regarding the authority of prior counsel, in a

case with a near-identical procedural history to this matter the court found a third,

dismissed action was barred by the double-dismissal rule. *Carvell v. Kozar*, 8th Dist.

Nos. 55275, 55277, 1989 Ohio App. Lexis 2517 (June 22, 1989). The actions filed in

*Carvell* stemmed from a fatal automobile accident. Four total complaints were filed with

the first two cases being consolidated and one later dismissed. *Id.* at *1-2. A third and

fourth complaint were then filed; subsequently, appellant dismissed the second

complaint. *Id.* at *2. The trial court then granted summary judgment in favor of the

defendants based on the double-dismissal rule. *Id.*

{¶ 15} On appeal, the court addressed three arguments made by appellant.

Notably, the court rejected the argument that the rule did not apply because the dismissal

of the first complaint was an "unauthorized act." *Id.* at *3. Specifically, appellant argued

that the dismissal was a nullity because the attorney was not authorized to dismiss it as he

was no longer representing her. *Id.* at *4. The court noted: "There is nothing in the

record to indicate that appellant objected to either the filing or the dismissal of Case No.

6.

94369. Thus, the trial court had no reason to suspect that these acts were unauthorized." *Id.* at *5.

{¶ 16} Finally, appellants contend that they did not dismiss the prior actions to harass or injure appellees. We find no indication that intent is an element of the double-dismissal rule under Civ.R. 41 and reject this argument.

{¶ 17} Based on the foregoing, we find that the trial court did not err when it granted summary judgment finding that the double-dismissal rule and, thus, res judicata, applied to bar appellants' action in Case 3. Appellants' assignment of error is not well-taken.

{¶ 18} On consideration whereof, we find that substantial justice was done the parties complaining and the judgment of the Wood County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellants are ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

_____
JUDGE

Arlene Singer, J.

Christine E. Mayle, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.

7.